Wilhelmine Seibert et al. v. Christoph Bergman et al.

No. 615.—Decided January 24, 1898.

**1. Limitation—Warranty.**

In case of a warranty, in the sale of land, against existing incumbrances, though technically broken when made, limitation does not begin to run till the warrantee has suffered damage therefrom. (P. 413.)

**2. Same.**

A vendor, by the use of the word "grant" in his conveyance, gave the warranty implied by statute against incumbrances on the property; a lien then existing was afterwards foreclosed, and, the vendor refusing to discharge it, the land was sold under the decree. Held, that limitation did not begin to run against the vendee's action on the warranty till the foreclosure sale. (Pp. 412, 413.)

Questions certified from Court of Civil Appeals for Fourth District, in an appeal from DeWitt County.

*W. J. Baker* and *C. A. Summers,* for appellant.—The covenant against incumbrance is a covenant in præsenti. Hopkins, Real Property, 444 et seq.; Rawle, Covenants, 344, 348; 4 Am. & Eng. Encycl., Law, 480, 481; 51 Texas, 187; 59 Texas, 41; 58 Am. Dec., 761; 14 Am. Dec., 617; 43 Am. Dec., 606; 10 Am. & Eng. Encycl., Law, 362 and note 2; 10 Am. & Eng. Encycl., Law, 367 and note 4.

A covenant in præsenti is broken, if at all, as soon as made. 59 Texas, 41; 51 Texas, 187; Rawle, Covenants, 344, 348; Hopkins, Real Property, 444, 445 and notes; 10 Am. & Eng. Encycl., Law, 362, and note 2; 19 Am. & Eng. Encycl., Law, 1007-8, and notes; 4 Am. & Eng. Encycl., Law, 480, and notes, 481 and notes; Brooks v. Moody, 25 Ark., 452; Freeman v. Foster, 55 Me., 508; Kelsey v. Remer, 43 Conn., 129; 10 Am. & Eng. Encycl., Law, 367, sec. 6, note 4; Bean v. Mayo, 5 Me., 94; 66 Am. Dec., 445; Holman v. Creagmiles, 14 Ind., 177.

Suit may be brought upon a breach of a covenant immediately. 4 Am. & Eng. Encycl., Law, 521, and note 1, 535, and note 4; Rawle, Covenants, 344, 348; Hopkins, Real Property, 444, 445; Wood, Limitation, sec. 174; 43 Am. Dec., 606; 51 Texas, 187; Chambers v. Westrope, 4 Texas Civ. App., 344; Eustis v. Cowherd; Wood, Limitations, sec. 174; 14 Am. Dec., 56; Rev. Stats. (1895), art. 3358.

All persons affected by the decree directly or indirectly are proper parties, and in any action affecting the title to lands the covenanter may be made a party. When Blackwell filed suit to subject plaintiff's land to the incumbrance, the plaintiff could have made the defendant a party to said suit. Legg v. McNeil, 2 Texas, 428; Garrett v. Gaines, 6 Texas,

446; Cooper v. Singleton, 19 Texas, 260; 19 Am. & Eng. Encycl., Law, 1012; 17 Am. & Eng. Encycl., Law, 649; Demaret v. Bennet, 29 Texas, 270; Peters v. Clements, 46 Texas, 115.

*Proctors*, for appellees.—The cause of action, for all save mere nominal damages, upon a covenant against incumbrances, when the latter are of such nature that they do not immediately affect the possession of or impair a property use in the lands conveyed, arises only when the vendee satisfies the incumbrance, or is evicted thereby.   2 Sutherland, Damages, 320-323; Post v. Campau, 42 Mich., 90; Prescott v. Trueman, 4 Mass.; 13 Am. & Eng. Encycl., Law, 724, note 10; 4 Am. & Eng. Encycl., Law, 549; Rawle, Covenants for Title, Chap. 4, especially 172-3; Wyatt v. Dunn, 2 S. W. Rep., 102; Walker v. Dever, 79 Mo., 664; Alexander v. Bridgeford, 27 S. W. Rep., 72.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Fourth Supreme Judicial District has certified to this court the following statement and question:

"On November 1, 1893, Christoph Bergman and his wife Sophie, instituted this suit against Wilhelmine Seibert and Henry Seibert, and it was alleged that on April 23, 1889, plaintiffs were possessed of a certain tract of land which they conveyed to Wilhelmine Seibert, then Kleeman, in consideration of a certain tract of land which she conveyed to them, using in her deed of conveyance, as a word of conveyance the word "grant," the force of which word was not restrained by any term in the conveyance "and did thereby by the use of said word, covenant that said tract was free of all liens upon said property, and promised to keep the title to said real property in plaintiffs harmless from any lien or incumbrance thereupon resting."   It was further alleged that shortly after said exchange, to-wit: on the 22nd day of May, 1889, suit was instituted in the District Court of DeWitt County by one E. L. Blackwell, against N. B. Means and plaintiffs as defendants, to foreclose a vendor's lien on the land conveyed by Wilhelmine Seibert to Bergman and wife, said lien having been executed by one through whom Mrs. Seibert deraigned title, that plaintiffs contested the said suit to the best of their ability, but that on June 29, 1892, a judgment was rendered in favor of Blackwell, foreclosing a vendor's lien on said tract of land in the sum of $1031.   That Bergman and wife appealed from the judgment, but it was affirmed.   That afterwards an order of sale was issued and said land was sold, said Bergman and wife being too poor to pay off the lien, and in consequence lost the property, and have been ousted from the same.   It was further alleged that the land was worth less than the amount of the purchase money and interest.   It was further alleged that Mrs. Seibert was in peaceful possession of the land conveyed to her by plaintiffs, that she had refused to pay off the lien on their land, that she owned no property except the land conveyed to her by plaintiffs, and they prayed that a vendor's lien be recognized in their favor against the

land sold by them to Mrs. Seibert and that the same be foreclosed on the land.

"Among other exceptions Mrs. Seibert filed one setting up limitation of four years, which was overruled by the court and judgment was rendered in favor of Bergman and wife.

"When did limitation begin to run against the cause of action of Bergman and wife?"

We answer the foregoing question, that the statute of limitations did not begin to run against the right of action of Bergman against Seibert upon the implied covenant against incumbrances until the land was sold under the judgment which foreclosed and enforced the incumbrance.

The implied covenant against incumbrances which arose under the statute, upon the language used in the deed, was broken at the time the deed was made, in the "sense that the promise relates to an existing condition and is falsified then if it ever is. But if the damage do not then result, it is misleading and mischievous to treat this mere technical breach as constituting plaintiff's cause of action." Post v. Campau, 42 Mich., 90.

The right of action for the actual damages sustained by the appellees by the breach of the covenant did not arise until the land was sold under the judgment enforcing it, although the incumbrance existed when the deed was executed. Prescott v. Trueman, 4 Mass., 629; Andrews v. Davidson, 17 N. H., 413; 43 Am. Dec., 606; Moore v. Merrill, 17 N. H., 75; 43 Am. Dec., 593; Funk v. Vonieda, 11 Serg. & R., 110; 14 Am. Dec., 617; Reed v. Pierce, 36 Me., 455; 58 Am. Dec., 761; Post v. Campau, 42 Mich., 90; Wyatt v. Dunn., 93 Mo., 459.

The statute of limitation did not begin to run until the covenantee could maintain a suit to recover the damages sustained by the breach of the covenant. In commenting upon the position taken, that the cause of action accrued when the deed was made, Judge Cooley, in the case of Post v. Campau, before cited, said: "As the terms of the covenant sued upon were falsified by facts existing at the time, a technical breach may be said to have then taken place; but as no damage followed from this breach, until the claimant purchased from Butler more than ten years afterwards, the rule that the claimant's right of action shall be deemed to have arisen at the delivery of the deed involves this manifest absurdity: that the claimant's remedy was barred before he was damnified; a result that can scarcely be consistent with any just or proper rule of law." This clear and forcible statement of the proposition effectually refutes the claim that upon the making of a covenant against existing incumbrances, the statute of limitation commences to run against an action to recover actual damages thereon when such damages do not accrue at the same time.

From the foregoing well-sustained propositions it follows, that the statute of limitations could not begin to run in this case until the land was sold in the enforcement of the incumbrance, because up to that time

the covenantee had lost nothing and could have maintained no action except for nominal damages, which would have been no recompense for the injury afterwards suffered by the eviction. This conclusion is sustained in able and well-considered opinions in the cases of Post v. Campau, 42 Mich., 90, and Wyatt v. Dunn, 93 Mo., 459, which we have before cited.