## R. E. HUFF v. HUGH RILEY.

Decided April 27, 1901.

**1.—Warranty of Title—Breach—Limitations.**

Until the grantee's title has in some manner been assailed or called in question, limitation does not run in the grantor's favor against a claim made by the grantee on the covenant of warranty for the value of part of the land subsequently lost to him by reason of the assertion of a superior adverse title.

**2.—Same—Measure of Damages—Interest.**

Where title to part of the land fails, and the grantor thereupon purchases for his grantee's benefit the superior adverse title to such part, the grantee is entitled to recover of the grantor on the covenant of warranty interest on the value of the part to which the grantor's title failed for such time only as the grantee was actually deprived of the land, but not for a period of time prior to the assertion of the adverse title during which the grantee had the undisturbed possession and free use of the land.

**3.—Same—Rate of Interest.**

Where the grantee had executed his note bearing 10 per cent interest to the grantor for deferred payments of the purchase money due on the land, he was entitled to recover interest at the same rate for such time as he was deprived of part of the land by reason of the superior adverse title.

Appeal from Wichita. Tried below before Hon. J. W. Patterson, Special Judge.

*R. E. Huff,* pro se.

*J. H. Barwise, Jr.,* and *George E. Miller,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This appeal is from a judgment on a covenant of warranty made by appellant to appellee in a sale of land by deed dated January 15, 1892. The land was represented by appellant to be a part of the L. C. Denison survey in Wichita County, and to lie east of another portion of the same survey previously sold to appellee by C. F. and S. Y. Collins through appellant, as agent, and to contain 200 acres, the deed containing a general and the following special clause of warranty: "The land being warranted to contain 200 acres of land." The sale was by the acre, at $6.50 per acre, making a total price of $1300, for which appellee executed his promissory note payable to appellant January 15, 1897, with interest from date of deed and note at 10 per cent per annum, payable annually. Interest for the first, second, and third years was paid and judgment was recovered against appellee for the balance of principal and interest in the name of Walter Leonard, to whom appellant had assigned the note, at the term of court at which the judgment appealed from was rendered.

Early in January, 1895, appellee learned for the first time that his title to the land was questioned. In April of that year suit was brought against appellee and others for 138½ acres of the land by R. M. Moore, but was afterwards, at the instance of appellant, dismissed as to appellee, and judgment was taken against the other parties. Appellant then

admitted to the appellee that he had made a mistake in the calls of his deed, and that it and the Collins deed "called to cover the same lands," but contended that appellee could hold the land under the deed from appellant, notwithstanding the Collins deed.

In April, 1898, this suit was instituted and resulted in a judgment in appellee's favor against J. G. Hardin, to whom R. M. Moore had conveyed the land, and against appellant on his warranty for $744.95, as the interest from January 15, 1892 on the purchase price of the 138½ acres recovered by R. M. Moore as a part of a survey other than the Denison and conveyed by him to J. G. Hardin, appellant in order to perfect title in appellee having obtained a conveyance of it to himself pending this suit from Hardin, for which he paid $693. Appellee never fenced or otherwise took exclusive possession of the land so involved in the conflict, but let his cattle graze on it in connection with other and adjacent lands owned by him until the spring of 1897, when it was fenced by J. G. Hardin and taken from him.

Appellee had no cause of action for breach of warranty till his title had in some manner been assailed or called in question, which was not done till 1895, less than four years next before the filing of the amended petition in which recovery was sought against appellant, December 1, 1898, as stated in appellant's brief. Alvord v. Waggoner, 29 S. W. Rep., 797, 32 S. W. Rep., 872. These conclusions dispose of the first four assignments of error.

We are of opinion, however, that the court erred in allowing appellee to recover as the measure of his damages interest from the date of his purchase, covering a period of three years or more during which he had the use of the land without being disturbed by adverse occupancy or incurring liability for mesne profits.

It was not until the spring of 1897 that adverse possession was taken. Up to that time he had the free use of the land, and if he did not take exclusive possession, it was because he preferred to use it in a different manner. He sustainied no loss during that time on account of the superior adverse title then outstanding, but since acquired at the expense of appellant for his benefit, and consequently was not entitled to interest, or any other measure of damages. Brown v. Hearn, 66 Texas, 66. This error, however, may be cured by a remittitur of the interest recovered prior to the time he was deprived of the use of the full quantity of land bargained for and warranted to him.

It seems to be conceded that the 200 acres were of uniform value, and that interest on the purchase price of the 138½ acres to which the title failed from date of eviction would be the measure of damages. It is a familiar rule that interest in such cases is regarded as the equivalent of the use of the land. 2 Suth. on Dam., sec. 616; Hutchins v. Roundtree, 77 Mo., 604, and cases there cited; Lambert v. Estes, 99 Mo., 604.

As the sale was on a credit and the rate of interest was fixed by the parties at 10 per cent, presumptively as the fair equivalent of the use of the land, and the note with interest remains unpaid owing to the

defect of title, appellee would seem to be entitled to recover at that
rate for such time as he was deprived of such use, that is, since the
spring of 1897.   Zent v. Picken, 54 Iowa, 537.

The ninth assignment complains in rather general terms of the charge
of the court submitting the issue of boundary, and of the court's refusal
to give special charge number 1 requested by appellant, but we find no
merit in this assignment.   Indeed, we doubt if the evidence would have
admitted of a contrary finding on this issue.

For the error indicated the judgment will be reversed and the cause
remanded, unless remittitur be filed curing it within ten days, in which
case it will be reformed and affirmed with costs of appeal taxed against
appellee.

*Reformed and affirmed.*