GALE v. WRIGHT.

(Court of Civil Appeals of Texas. March 25, 1911. Rehearing Denied April 29, 1911.)

VENDOR AND PURCHASER (§ 343*)—PROSPECTIVE SHORTAGE OF ACREAGE—RIGHT TO RECOVER.

A survey of state land containing 685 acres was purchased as containing 640. Defendant, a subsequent purchaser, having sold 200 acres to a third person, sold 485 to plaintiff. An act of 1889 (Sayles' Ann. Civ. St. 1897, arts. 4274–4279), requires segregation of excess lands in surveys belonging to the state, but provides no method for selecting the excess. *Held,* that, no segregation having been made, plaintiff cannot assume that the 45-acre excess will be taken from his tract, and hence cannot recover from defendant such deficiency in the acreage purchased by him.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 343.*]

Appeal from District Court, Swisher County; L. S. Kinder, Judge.

Action by C. E. Wright against G. W. Gale. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

B. Frank Buie, for appellant. Martin & Zimmerman, for appellee.

DUNKLIN, J. G. W. Gale sold to C. E. Wright 485 acres of land out of a survey containing 685 acres. The survey was sold originally by the state to D. Currie, who then sold it to Gale. As located on the ground, the survey contains 685 acres, or 45 acres in excess of the quantity of land for which Currie agreed to pay. There are mounds at all the corners of the survey which were placed on the ground by the original surveyor of the land and upon whose field notes the land was sold to Currie. Locating the survey according to those corners its west and east boundary lines are each 1,918 varas in length, and the north and south boundaries are each 2,017 varas in length. In the sale by the state to Currie the corners as located by the original surveyor are called for, but the length of each boundary line of the survey is given as 1,900 varas. In the sale by the state to Currie and in the latter's deed to Gale, the land was described as section 110. Prior to the sale of the 485-acre tract by Gale to Wright, Gale had already conveyed to Robertson, another purchaser, 200 acres out of the north end of the survey. When sold to Currie, the land belonged to the public free school fund of the state, and Currie purchased it July 18, 1898, as an actual settler for $1 per acre, paying one-fortieth of the consideration cash, and executing his obligation to pay the balance in 39 equal installments, one of which should become due each year thereafter until payment of the consideration in full. Wright paid Gale $23 per acre for 485 acres, and, in addition thereto, assumed the amount owing thereon to the state as shown by Currie's obligation given when he purchased the land. Wright instituted this suit against Gale to recover the consideration paid by him for 45 acres of the land, alleging the same to be the amount of the excess in the survey, title to which was in the state, and hence not conveyed by the deed executed to him by Gale. Judgment was in favor of Wright for $1,035, the price he paid Gale for 45 acres, together with interest thereon from

the date of the purchase to the date of the trial, and Gale has appealed.

Gale contracted to sell to Wright 485 acres, but by actual measurements of the land embraced in the deed the area conveyed was 484⁶/₁₀ acres only. In his pleadings Gale admitted the shortage of four-tenths of an acre in the land actually conveyed to Wright, and tendered to Wright $9.20, with 8 per cent. interest thereon from December 7, 1906, the date of the deed, until the date of the trial; that being the amount of rebate due for the shortage upon the basis of $23 per acre, the amount paid by the purchaser. By an act of the Legislature passed in 1889 shown in Sayles' Texas Civil Statutes, arts. 4274–4279, inclusive, all excess in surveys of land belonging to the state theretofore made were declared to belong to the public free school fund of the state, and it was made the duty of the Commissioner of the General Land Office to ascertain the existence and extent of such excesses for the purpose of segregating the same from the remainder of the surveys. The survey in controversy was made July 3, 1876, and, as noted above, the state sold it to Currie July 9, 1898, after the passage of the act referred to.

Appellee contends that by the act noted the excess in the survey in controversy was expressly declared to belong to the state, and that, in view of the fact that the sale to Currie was by the acre and upon the assumption that the survey contained only 640 acres, the title to the excess is necessarily in the state at the present time. The record shows that the land commissioner has never taken any steps to segregate the excess in this survey from the remainder thereof, and that appellee is now, and has been since his purchase, in possession of the tract of land conveyed to him by Gale's deed. While the act of the Legislature provided that the excess should be ascertained and segregated by the land commissioner, yet no provision was made how the excess should be selected from the entire survey. In the case of Willoughby v. Long, 96 Tex. 194, 71 S. W. 545, our Supreme Court held that, until the commissioner has set apart such an excess, one who had made application to the land commissioner to purchase the same had no right to treat the land in controversy as such excess and to acquire title thereto by complying with the law applicable generally to the purchase of public free school land. In discussing the act of 1889, the court in the decision referred to use this language: "But the method by which the segregation is to be accomplished is not provided, unless it is to be implied that the commissioner was empowered to determine in his own way what part should be considered as the excess. That as to surveys which were unsold he might have been so authorized, and that his power would continue as to lands sold after the act took effect, we see no good reason to doubt."

If Currie did not acquire the entire survey, and if, as suggested in that decision, the Commissioner of the Land Office has authority to segregate the excess in the survey in question in such manner as he may think proper, and if in the future he should decide to make such segregation, then it is wholly uncertain whether the excess will be selected out of the 200 acres which Gale first sold out of the survey, or out of the 485 acres sold to the appellee. And, even though the appellant be required to make restitution to the appellee for 45 acres out of the 485-acre tract sold to him, that fact would not deter the commissioner from segregating the excess out of the 200-acre tract previously sold by Gale to Robertson, if in the opinion of the commissioner the interest of the state so demanded. If this should be done, then Gale would be required to make restitution to his vendee of that tract, notwithstanding he had already settled with the appellee for such excess. Manifestly this would be inequitable. At all events, Wright's title to all the land embraced in the deed to him from Gale cannot be questioned by any one except the state, and, until the Commissioner of the General Land Office shall segregate from the entire survey some part of the 485 acres as an excess in the survey and as belonging to the state, no cause of action has arisen or will arise in Wright's favor against Gale to recover upon the latter's warranty of title to the land covered by his deed. Seibert v. Bergman, 91 Tex. 411, 44 S. W. 63; Alvord v. Waggoner, 29 S. W. 798; Herr v. Rodriguez, 50 S. W. 487.

The facts recited above were well established beyond controversy, and for the reasons noted already the judgment of the trial court is reversed, and judgment is here rendered in favor of appellee against appellant for the amount which the latter admits he is due for the shortage of four-tenths of an acre, namely, $9.20, with interest thereon at the rate of 8 per cent. per annum from December 7, 1906, until this date, together with all costs of the trial court, and all costs of appeal are adjudged against appellee; but this judgment is without prejudice to appellee's right hereafter to recover of appellant any part of the consideration paid to appellant should a part of the land hereafter be lost to the state as an excess in the survey.