DAVIS v. TEAL. (No. 1889.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 18, 1918. Rehearing Denied Jan. 31, 1918.)

1. APPEAL AND ERROR ⊂⊃719(1)—ERROR APPARENT ON FACE OF RECORD—REVERSAL.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1607, providing that in all cases of appeal or writ of error to the Courts of Civil Appeals the trial shall be on an error of law assigned or apparent on the face of the record, where the record discloses error apparent on its face, the judgment must be reversed, and judgment rendered in appellant's favor, though the assignments of error cannot be sustained.

2. COVENANTS ⊂⊃100(2)—COVENANT OF WARRANTY — BREACH — JUDGMENT FORECLOSING VENDOR'S LIEN.

Judgment in favor of the holder of vendor's lien notes, foreclosing the lien he asserted against the land, did not constitute a breach of covenant of general warranty by the grantee of the purchaser, who conveyed to others, since a cause of action for a breach of covenant by the vendor against an incumbrance on the land does not arise until the land is sold under the judgment enforcing it.

Appeal from District Court, Camp County; J. A. Ward, Judge.

Suit by A. J. Sanders against G. H. Carlan, J. F. Bedgood, and C. E. Teal, wherein, at the instance of Teal, J. W. Davis was made a party. From the judgment in so far as in Teal's favor against him, Davis appeals. Judgment reversed, and judgment rendered.

By his deed made January 1, 1914, J. F. Bedgood conveyed about one acre of land in Camp county to G. H. Carlan, who conveyed a part thereof to appellant Davis, who conveyed the same part to one Hattaway and appellee, Teal. Hattaway conveyed his interest in said part to appellee. The consideration to Bedgood for the conveyance to Carlan, according to recitals in the deed, was $1 paid in cash and Carlan's two promissory notes for sums aggregating $700 secured by the vendor's lien retained on the land. The notes were sold and assigned to A. J. Sanders by Bedgood, who guaranteed the payment thereof. This suit was by Sanders against Carlan as the maker and Bedgood as the indorser and guarantor of the notes, for the amount thereof, including interest and attorney's fees, and against Carlan and Bedgood and appellee, who, it was alleg-

ed, claimed an interest in the land, for a foreclosure of the vendor's lien claimed against it. The consideration to appellant for the part he conveyed to Hattaway and appellee was $1,000 then paid to him, and the assumption by them of the payment of two notes for $250 each made by defendant Carlan. The deed from appellant recited that he had "granted, sold, and conveyed," and did thereby "grant, sell, and convey," the land therein described to Hattaway and appellee, and also contained a covenant of general warranty. At the instance of appellee appellant was made a party to the suit; and appellee, after alleging that appellant had warranted the title as stated, prayed that, if Sanders prevailed in his suit so far as it was for a foreclosure, he have judgment against appellant for damages, as for a breach of said warranty. The trial was to the court without a jury, and resulted in a judgment in Sanders' favor against Carlan and Bedgood for $984.50 as the amount due on the notes made by Carlan, and foreclosing the vendor's lien retained to secure the payment of said notes; in favor of appellee against appellant on the latter's warranty for $750; and in favor of appellant against Carlan on the latter's warranty for $750. The appeal is by appellant alone against the judgment so far as it was in appellee's favor against him.

Smith, Follin & Bryson, of Pittsburg, for appellant. W. D. Suiter and Beavers & Wilkinson, all of Winnsboro, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] We are inclined to think that none of the assignments in appellant's brief should be sustained, and that, if those assignments alone should be considered, the judgment should be affirmed. But an examination of the record with reference to appellee's suggestion that the appeal was for delay only, and that the judgment therefore should be affirmed with damages, under article 1629, Vernon's Statutes, discloses error apparent on the face thereof which requires that it be reversed, and that the judgment be here rendered in appellant's favor. Article 1607, Vernon's Statutes; Nasworthy v. Draper, 28 S. W. 564; Bates v. Hill, 144 S. W. 288. It appears from appellee's pleadings that his claim of a right to the recovery he had against appellant was based on the fact that the latter, when he conveyed a part of the land to the former and one Hattaway, warranted the title thereto. The theory was that a judgment in Sanders' favor foreclosing the lien he asserted against the land would constitute a breach of appellant's covenant of warranty. That the theory was wrong was determined by the Supreme Court in Seibert v. Bergman, 91 Tex. 411, 44 S. W. 63, where it was held that a cause of action for a breach of covenant by the vendor against an incumbrance on the land "did not arise until the land was sold under the judgment enforcing it."

The judgment will be reversed, and judgment will be here rendered that appellee take nothing by his suit against appellant, but the judgment will be without prejudice to the right of appellee to maintain a suit against appellant on the covenants in his deed if appellee should lose the land as a result of a sale thereof under the Sanders judgment.

END OF CASES IN VOL. 200