**COMMERCIAL STANDARD INS. CO. v. FREEMAN et al.**

No. 3022.

Court of Civil Appeals of Texas. Beaumont.

Dec. 16, 1936.

Rehearing Denied Dec. 23, 1936.

Hill & Uhl, of San Antonio, and Cecil A. Morgan, of Fort Worth, for appellant.

Johnson, Rogers & Slatton, of San Antonio, for appellees.

O'QUINN, Justice.

The pleadings are long and very much involved. We shall not undertake to state them, but content ourselves with a brief statement of the facts leading up to the suit. The facts alleged by the several parties in their petitions, answers, and cross-pleas are very full.

December 11, 1928, the National Title & Trust Company by general warranty deed, conveyed to C. W. Ryan tract 44 in block G, Woodlawn Hills subdivision in Bexar county, Tex., containing 1.29 acres of land. Part of the purchase price, $1,950, was loaned to Ryan by the Busby Building Corporation, for which Ryan executed his promissory note in said sum payable to said building corporation, and retaining the vendor's lien to secure the payment of the note. Ryan also executed a deed of trust to Arthur G. Uhl, trustee, on said property to further secure the payment of said note. On said date, December 11, 1928, said National Title & Trust Company issued to said Ryan an owner's policy of insurance in the sum of $2,950 insuring him against any loss or damage, not exceeding that sum, which he might sustain by reason of defects in the title to said conveyed property, or any liens or encumbrances thereon, other than certain matters mentioned in the policy.

The National Title & Trust Company, on March 15, 1929, issued to Busby Building Corporation a mortgagee's policy of title insurance securing it against loss by reason of the note executed by Ryan on December 11, 1928, and deed of trust executed by Ryan to Uhl to secure the payment of said note, and insuring against loss by reason of a note in the sum of $1,850 executed by Ryan, payable to said Busby Building Corporation. Said note and this policy were made the basis of plaintiff Freeman's alternative action pleaded by him.

On October 29, 1929, C. W. Ryan, by general warranty deed, conveyed the property here involved to plaintiff Wm. F. Freeman for a cash consideration of $3,000. On said date, Freeman obtained an owner's policy of title insurance from Union Title & Trust Company. This policy insured or guaranteed that Freeman had good and indefeasible title to the property in question, and obligated insurer to Freeman in the sum of $3,000. The policy also provided that "upon a sale of the property covered hereby this policy automatically thereupon shall become a warrantor's policy."

On April 29, 1932, the Union Title Guarantee Company, Inc., for valuable consideration paid it by the Union Title & Trust Company reinsured all policies previously issued by said Union Title & Trust Company. (This included the $3,000 policy to Freeman insuring his title to the property involved.)

Subsequently, January 10, 1933, Union Title Guarantee Company, Inc., was placed in the hands of a receiver, and Claude V. Birkhead was appointed receiver. Under approval and order of the court, on January 10, 1934, Real Estate Title Insurance & Trust Company, for a valuable consideration, reinsured and assumed all liability on all outstanding policies of insurance issued by said Union Title Guarantee Company, Inc., or assumed by it. (This included the $3,000 policy issued by Union Title & Trust Company to Freeman, which had been reinsured and assumed by Union Title Guarantee Company, Inc.)

On ——— day of ———, Union Title & Trust Company, for valuable consideration paid it by the National Title & Trust Company, assumed all liability on all policies of insurance theretofore issued by the National Title & Trust Company.

In May, 1932, the Commercial Standard Insurance Company, appellant here, for valuable consideration, reinsured and assumed all liability under title insurance policies issued by National Title & Trust Company and San Antonio Abstract & Title Company, such as existed at the times the policies were issued. It appears that this reinsurance contract was executed by Commercial Standard Insurance Company and

the National Mortgage Company, however, National Title & Trust Company was the successor of and succeeded to the business of said National Mortgage Company, the San Antonio Abstract & Title Company, and the San Antonio Abstract Company, and so the policies reinsured by the Commercial Standard Insurance Company covered and included those that National Title & Trust Company had theretofore insured and those the liability of which it had assumed as successor of the companies above mentioned. (Among these was the title policy issued to C. W. Ryan on December 11, 1928, for $2,950, and also the mortgagee insurance policy to Busby Building Corporation dated March 29, 1929.)

In May, 1932, Commercial Standard Insurance Company, appellant, for valuable consideration paid to it by Union Title Guarantee Company, Inc., reinsured all of the outstanding title insurance policies issued by the San Antonio Abstract & Title Company and the National Title & Trust Company, issued prior to October 26, 1929, the liability under which was assumed by the Union Title & Trust Company under assumption agreement of October, 1929, and the liability under which was reinsured by Union Title Guarantee Company, Inc., by contract of date April 29, 1932, regardless of to whom said policies were issued, reserving and excepting only three certain policies, neither of which is here involved.

As we view them, the above are the material facts, and we have endeavored to dig them from the record and to state them as nearly in chronological order as possible.

Freeman filed suit, and by his second amended original petition, filed October 28, 1935, complained of Real Estate Title Insurance & Trust Company, C. W. Ryan, Commercial Standard Insurance Company, and Union Title Guarantee Company, Inc., alleging, in brief, a cause of action against Ryan by virtue of breach of warranty in the deed conveying the property from Ryan to Freeman; cause of action against Real Estate Title Insurance & Trust Company, and Union Title Guarantee Company, Inc., as reinsurers of title policy issued direct to him by Union Title & Trust Company; and a further cause of action against Real Estate Title Insurance & Trust Company, Union Title Guarantee Company, Inc., and appellant Commercial Standard Insurance Company, as reinsurers of title policy issued to C. W. Ryan, and an alternative cause of action against same defendants as

alleged reinsurers of mortgagee's title policy of insurance issued by National Title & Trust Company to the Busby Building Corporation. Plaintiff Freeman also alleged that Ryan, his warrantor, was insolvent and that therefore he, Freeman, should become subrogated thereby to all of the rights incident to the title policies issued to his predecessors.

Defendant Real Estate Title Insurance & Trust Company answered by general demurrer, special exceptions, general denial, and if recovery was had against it, that it was entitled to recover over against the defendant Commercial Standard Insurance Company, fully pleading the grounds for such recovery.

The defendant Union Title Guarantee Company, Inc., answered in all things adopting the pleadings of defendant Real Estate Title Insurance & Trust Company, and also pleaded over against the defendant Commercial Standard Insurance Company for any judgment that Freeman might obtain against it.

Defendant Commercial Standard Insurance Company duly filed its plea in abatement, asserting misjoinder of action. This was overruled. It then filed its plea in abatement in replication to the cross-action of Real Estate Title Insurance & Trust Company, and Union Title Guarantee Company, Inc., asserted against it, on the ground of misjoinder of actions. These were overruled.

The defendant Commercial Standard Insurance Company answered plaintiff Freeman's petition by general demurrer, special exception of misjoinder of action, and other special exceptions going to the sufficiency of plaintiff's pleadings, and general denial, and several special defenses not necessary to state. It also answered the cross-complaints of Real Estate Title Insurance & Trust Company, and Union Title Guarantee Company, Inc., and specially denied that the title policies of insurance made the basis of cross-plaintiffs' pleas came within the terms of its, Commercial Standard Insurance Company's alleged insurance reinsurance contracts.

Plaintiff Freeman filed supplemental petition in replication to the answers of the several defendants, and also his trial amendment relating mainly to change of name of some of the contracting parties, which amendment did not affect the issues already pleaded, but was clarifying.

The court overruled all pleas in abatement, general demurrers and special exceptions, and the case being tried to the court without a jury, rendered judgment in favor of plaintiff Freeman against defendants C. W. Ryan, Real Estate Title Insurance & Trust Company, Commercial Standard Insurance Company, and Claude V. Birkhead, as receiver of the Union Title Guarantee Company, Inc., jointly and severally for the sum of $2,950 with 6 per cent. interest thereon from date of judgment together with all costs of suit. The court further rendered judgment for plaintiff Freeman against the defendants C. W. Ryan, Real Estate Title Insurance & Trust Company, and Claude V. Birkhead, as receiver of the Union Title Guarantee Company, Inc., jointly and severally, for the additional sum of $308.75, with 6 per cent. interest thereon from date of judgment, together with all costs in that behalf incurred. The court denied the cross-relief sought by defendant Commercial Standard Insurance Company, and awarded the defendants Real Estate Title Insurance & Trust Company and Claude V. Birkhead, receiver of the Union Title Guarantee Company, Inc., judgment over against the defendant Commercial Standard Insurance Company for such sum as they were forced to pay under the judgment in favor of plaintiff Freeman, up to the sum of $2,950. The court further entered judgment that the defendants Real Estate Title Insurance & Trust Company, and Birkhead, receiver of Union Title Guarantee Company, Inc., should, upon the payment of the judgment rendered for plaintiff Freeman against them, have and recover over against the defendant C. W. Ryan the sum of $3,258.75. The defendant Commercial Standard Insurance Company brings this appeal.

In view of the record, and the absence of brief by appellee Freeman, we will state that we gather from appellant's brief that the judgment in favor of plaintiff Freeman has been paid, hence he has no further interest in the case, and same is reduced to a contest between the title insurance companies.

Appellant's brief presents 72 propositions based upon 69 assignments of error. To undertake to discuss each of these propositions would render this opinion not only unreasonably long, but would involve much repetition, and perhaps confusion. We shall discuss only those matters deemed necessary for a disposal of the appeal.

The assignments leveled at the overruling of appellant's general demurrers are overruled. In each instance the allegations alleged a cause of action, hence not subject to general demurrer.

The assignments presenting error in the court's overruling appellant's pleas in abatement, and misjoinder of actions (some 13 of these) have all been considered, and are all overruled.

The assignments that the court erred in overruling appellant's special exceptions (to the effect that the portions of the petition against which they were urged were but conclusions of the pleader or immaterial) are all overruled.

There are numerous assignments urging error in the court overruling appellant's objection to the admission of certain evidence. The evidence objected to, in the main, was (a) title insurance policies issued by the various title insurance companies shown in the early part of this opinion to have participated in various ways, either as original insurer, or by reinsuring already existing insurance contracts; and (b) contracts assuming the obligations of policies of insurance to the insured previously issued by other insuring parties, the ground of objection being that no privity in contract with appellant appeared. The various policies, and contracts of assumption, and of reinsuring involving each and all of the parties to this litigation, we think that it was proper and material for all of the evidence to which appellant objected to be given to the court, who was trying the case without a jury, in order that he would have before him all and every portion of the facts that would throw light on the various transactions and their several connections with each other, so that he could render complete equity and justice in his disposition of the case. The several matters upon which appellee Freeman based his suit had to do with and were connected with the subject-matter of the suit—the title to the property involved, and the various title policies issued to both the grantor, Ryan, and the purchaser, Freeman, and so each insurer, and each reinsurer of this title, and all who assumed liability relative thereto, were proper parties, and their several contentions as to their respective rights and liabilities in the premises, were proper matters for, and should all be heard and considered in one suit to avoid a multiplicity of suits, and the rights of all the parties adjusted in the one suit.

In 1 Texas Jurisprudence 644, § 36, it is said:

"So it has frequently been announced that causes of action which are connected with each other may be joined. Although certain causes might be tried separately it is proper to unite them if the rights of the parties and transaction involved are so interwoven that they may conveniently be settled in one action."

"The right to join causes of action is said to depend on whether the court can grant full relief under the particular circumstances involved and whether the diverse nature of the defenses which would naturally be interposed to the various causes of action would suggest the propriety of keeping them apart. The subject matter of the suits, rather than the suits themselves, is the 'transaction' embraced in the test of multifariousness. The subject matter may relate to or be different parts of the same transaction, or the subject matter of one suit may include, as a part of it, the whole of the subject matter of the other."

And, Id., § 37: "It is well settled that several causes of action though technically separate and distinct, may be properly united in one suit when they arise out of the same transaction or are so connected with the same subject matter as to authorize their litigation in a single suit. Objections to joinder which would be well taken under a system having forms of action will not prevail in Texas in those cases where the facts or matters relied on are connected with or grow out of the same transaction or subject matter of dispute."

It is believed that title insurance policies such as were in evidence in this suit, are in effect warranties, as defined in the conveyancing laws of Texas, and the provisions of such contracts providing for subrogation to all of the rights of the insured under such contracts, that where in a chain of title, as here, three policies of title insurance have been issued, upon a breach of such warranty, plaintiff, Freeman, could join his warrantors in title, and the assumptors on the title insurance policy, in order that the rights of all parties might be adjudicated in one suit, and the court did not err in so holding. That appellant has not been prejudiced is clearly shown by the record.

Further, we think it clearly appears that the judgment of the trial court is correct, for in that Ryan conveyed the land in controversy to Wm. F. Freeman by general warranty deed for a cash consideration of $3,000. Union Title & Trust Company, at the same time, issued to Freeman an owner's policy of title insurance, which policy was assumed by the Union Title Guarantee Company, Inc., and this assumed by Real Estate Title Insurance & Trust Company. When Ryan purchased the land from National Title & Trust Company by warranty deed, said National Title & Trust Company issued to him a title insurance policy. The liability on this policy was assumed by appellant Commercial Standard Insurance Company. Also the Ryan title policy from National Title & Trust Company was reinsured by appellant Commercial Standard Insurance Company. Under these facts the court correctly construed the contracts of assumption and reinsurance as being made for the benefit of the policy holders, and by virtue of the subrogation agreement in the policy issued direct to Freeman, as well as under the warranty from Ryan to Freeman, appellant, particularly because of its reinsurance contract, became primarily liable to pay any loss under the Ryan policy, and the court was authorized to render judgment against it for said sum of $2,950. Galbraith-Foxworth Lumber Co. v. Long (Tex.Civ.App.) 5 S.W.(2d) 162 (writ refused); Vasser v. City of Liberty, 50 Tex.Civ.App. 111, 110 S.W. 119.

Furthermore, Freeman was the holder of a title policy in the sum of $3,000 issued by the Union Title & Trust Company direct to him, which provided that upon payment of loss the insurance company should be subrogated to all of the rights of Freeman. Freeman had purchased the land from Ryan for $3,000 cash and Ryan owed a vendor's lien note against the land, and had also executed a deed of trust on the land to secure the payment of said note given to National Title & Trust Company. The National Title & Trust Company had issued a mortgagee's title policy covering said note, inuring to the benefit of the holder or transferee of said note, and which policy Freeman, or the Real Estate Title Insurance & Trust Company, which had reinsured said policy, upon failure of title or loss would be entitled to recover to the extent of such note, and so entitled to judgment against appellant Commercial Standard Insurance Company, which in two different contracts had assumed the liabili-

ties of said policy, and had reinsured said policy, wherefore, the judgment was correct.

Under the facts and the contracts of assumption, and of reinsurance executed by appellant in May, 1932, and in 1934, liability existed against appellant, and the judgment of the trial court was correct, and should be affirmed, and it is so ordered.

Affirmed.