**STANOLIND OIL & GAS CO. v. ALLISON et al.**

**No. 8717.**

Court of Civil Appeals of Texas. Austin.

Oct. 12, 1938.

Rehearing Denied Nov. 9, 1938.

Turner, Rodgers, Winn & Sellers and F. J. Scurlock, all of Dallas (Clay Tallman and Leslie A. Thompson, Jr., both of Tulsa, Okl., of counsel), for appellant.

D. B. Hardeman, Wm. B. Wilson, and R. G. Hughes, all of San Angelo, for appellees.

BAUGH, Justice.

Suit was by appellant against appellees to recover from them $5760, which it had been compelled to pay the State, being one-half the amount of the bonus for oil and gas leases on lands in Terrell County, which entire bonus had been paid to appellees on such lands in 1927, none of which appellees had paid to the State. The material facts are as follows:

H. P. Allison and wife in 1927 owned 2560 acres of land in Terrell County, which had been classified when sold by the State as mineral lands. H. L. Merck likewise owned 2560 acres located in the same county similarly classified. In that year these parties acting for themselves and as agents of the State under the Relinquishment Act (Arts. 5367 to 5382, R.S.) executed separate 10-year paid up oil and gas leases to the Dixie Oil Company, Inc., and the Southern Crude Oil Purchasing Company, corporations, on which they were then paid cash bonuses of $2.25 per acre. In 1931 these leases were assigned to appellant and said corporations dissolved. Appellant has continuously paid the State the 10 cents per acre charge provided for in Art. 5368, R.S. In September, 1931, while the case of Empire Gas & Fuel Company, decided by this court in October, 1929 (Empire Gas & Fuel Co. v. State, 21 S.W.2d 376), was pending in the Supreme Court upon writ of error granted, to avoid jeopardizing the validity of its leases, and to prevent possible forfeiture thereof by the State, appellant deposited with the Commissioner of the General Land Office, under protest, one-half of said bonus, $5760, which the lessors should have paid to the State, and under agreement with the Land Commissioner to hold same in a suspense account until the Supreme Court decided the Empire Gas & Fuel Company Case. After the Supreme Court decided that case (see 121 Tex. 138, 47 S.W.2d 265), the Land Commissioner paid said fund into the State Treasury; and on January 8, 1935, after refusal of appellees to reimburse appellant in the sum paid by it, this suit was filed to recover it. Trial was to the court without a jury and judgment rendered in favor of the defendants therein; hence this appeal.

The appellant sought recovery on three grounds:

1. Under the general warranty of the lessors (appellees here) contained in their leases on said lands.

2. Reimbursement for money paid to appellees under mutual mistake.

3. Subrogation to the State's right of recovery against appellees.

This case is clearly ruled by our decision in Shell Petroleum Corporation v. Tippett, 103 S.W.2d 448, writ refused. While the lease in the Tippett Case was not a fully paid up lease and differed from the leases involved in the instant case as to rentals and terms and conditions of development, in both instances the lessors acted in the same capacities (that is, for themselves and as agents of the State), the warranties in the leases were identically the same, and the entire bonus was paid by the lessees to the lessors under the mistaken belief that the lessors were entitled to all of it.

The leases here involved contained a provision, not found in the Tippett lease, as follows: "All bonus and royalties which may be required to be paid to the State of Texas, under this lease on said land, shall be deducted by lessee from the amount thereof herein contracted to be paid lessor."

It is the contention of appellees that under this provision, appellant having made a full and complete investigation, and with knowledge of all the facts having paid all of said bonus to lessors, instead of deducting one-half thereof and paying it to the State, the payment to lessors was voluntary and could not therefore be recovered.

It clearly appears that at the time payment was made to the lessors both parties believed that the surface owner was entitled to retain the entire bonus. This conclusion was that of lessors and title examiners generally and was the ruling of the Land Commissioner. The question seems never to have been raised until the decision of Greene v. Robison, 117 Tex. 516, 8 S.W.2d 655, was rendered on June 25, 1928. The statement of the Supreme Court in that decision was considered as dictum, and the question not directly settled until the decision of the Supreme Court in the Empire Case, 121 Tex. 138, 47 S.W.2d 265, was rendered on February 24, 1932. While appellees contend that the mistake was one of law and not of fact, we held in the Empire Case, 21 S.W.2d 376, under similar circumstances, that such mistake was one of fact and not of law. While the general rule is, but not without exception, that moneys voluntarily paid under a mistake of law where all facts are known to the payer, can not be recovered; the rule is otherwise where same is paid under a mistake of fact. 32 Tex.Jur. § 48, p. 727, and § 52, p. 735.

However that may be, we expressly held in the Tippett Case and in the Empire Case that the lessor was liable under his warranty, identical with that in the instant case, and that, "The cause of action for this breach of warranty arose when Shell paid the state and thereby discharged the incumbrance." 103 S.W.2d 452. This conclusion clearly disposes of the instant case, unless appellees' pleas of limitation apply.

As to this the following are the facts: Appellant, after our decision in the Empire Case, and while it was pending in the Supreme Court, paid to the Land Commissioner in September, 1931, the amount of money here involved, under protest and upon agreement with the Commissioner that it be held in a suspense account until the Supreme Court decided the Empire Case. After that decision the Land Commissioner, on June 16, 1932, took said money out of the suspense account and paid it into the State Treasury. This suit was filed January 8, 1935. This was less than four years after the money was first paid out by appellant, if treated as paid when placed in the suspense account. It is now settled that appellant had no cause of action, other than perhaps for nominal damages, for breach of warranty, until it had been evicted or compelled to pay out such funds to protect its title, and limitation did not begin to run against it until that time. Seibert v. Bergman, 91 Tex. 411, 44 S.W. 63; Huff v. Reilly, 26 Tex. Civ.App. 101, 64 S.W. 387; Shell Petroleum Corp. v. Tippett, supra; 12 Tex.Jur., § 55, p. 83; § 66, p. 99; 31 Tex.Jur., § 207, p. 868. And the same is true if it be held that appellant's demands against appellees rest upon the right of subrogation of appellant to the claim of the State against appellant and appellees, jointly and severally. Tippett Case, supra; Ward v. Hanchett, Tex.Civ.App., 47 S.W.2d 360; 39 Tex.Jur., § 42, p. 803. While other questions are raised and contentions made, they are the same as those presented to us in the Tippett Case, and were there fully disposed of. No useful purpose would be served by repeating them here.

Nor does the case of Stanolind Oil & Gas Co. v. Cerf, 110 S.W.2d 177, by the Waco Court of Civil Appeals, sustain the

trial court's judgment herein. That case the court itself expressly distinguishes from the Tippett Case. The instant case is clearly ruled by the Empire and Tippett Cases, above cited, wherein the same issues were involved. It follows, therefore, that the judgment of the trial court should be reversed and judgment here rendered for appellant as prayed for.

Reversed and rendered.