ALLISON et al. v. STANOLIND OIL & GAS CO.

No. 7516.

Supreme Court of Texas.

June 14, 1939.

D. B. Hardeman, R. G. Hughes, and Wm. B. Wilson, all of San Angelo, for plaintiffs in error.

Turner, Rodgers, Winn & Sellers and F. J. Scurlock, all of Dallas, and Clay Tallman and Leslie A. Thompson, Jr., both of Tulsa, Okl., for defendant in error.

CRITZ, Justice.

The opinion of the Court of Civil Appeals in this case makes a complete and fair statement of the facts and law questions involved. We adopt and approve such opinion as in all respects correct. It is reported at 121 S.W.2d 480. We, however, add the following to such opinion.

■ As shown by the opinion of the Court of Civil Appeals and the record in this case, H. P. Allison et al., acting as agents of the State, and by authority of what is generally known as the "Relinquishment Act," Articles 5367 et seq., R. C.S.1925, executed and delivered to certain parties two oil and gas leases. The bonus of $5760 named in each of said leases was paid in cash by the lessees to the lessors at the very time the leases were delivered. Such lessors never paid any part of said bonuses to the State. Under the holdings of this Court in Greene v. Robison, 117 Tex. 516, 8 S.W.2d 655, and Empire Gas & Fuel Co. v. State, 121 Tex. 138, 47 S.W. 2d 265, the lessors were, in law, in duty bound to pay to the State one-half of such bonuses. This defendant in error, as assignee of the original lessees, paid such sums to the State, and in this action sues the lessors for reimbursement.

■ The facts of this case bring it directly under the rules of law announced in Shell Petroleum Corp. v. Tippett, Tex. Civ.App., 103 S.W.2d 448, writ refused. By refusing the writ of error in the Tippett case, we approved the opinion. Also, we here and now approve such opinion in its entirety.

These leases are in legal effect the same as the leases in the Tippett case, supra, except these leases each contain the following clause: "All bonuses and royalties which may be required to be paid to the State of Texas under this lease on said land, shall be deducted by the lessee from the amount thereof herein contracted to be paid lessor."

Counsel for lessors, who are plaintiffs in error here, contend that the above-quoted provision contained in these leases has effect to make the rules of law announced in the Tippett case, supra, inapplicable to this case. To our minds, the above-quoted provision can be given no such effect. An examination of these leases, and of this record, shows that the only bonuses involved in the two transactions were the cash bonuses provided in the leases, and paid at the very time they were delivered. The clause under discussion, in effect, expressly allowed the lessee to deduct from such bonuses any amount thereof "which may be required to be paid to the State of Texas, * * *" The very language itself plainly demonstrates the contractual purpose or intent to

place the primary or ultimate liability on the lessor for the amount of such bonuses that might be required to be paid to the State. It is true that the lessees made no deductions from the bonuses at the time the leases were delivered. The reason for this was that it was not then known what such deductions ought to be, or whether or not there should be any.

The judgment of the Court of Civil Appeals is affirmed.