**Phillip D. WOLFF, Jr., Appellant,**

v.

**COMMERCIAL STANDARD INSURANCE COMPANY et al., Appellees.**

No. 13696.

Court of Civil Appeals of Texas.

Houston.

April 13, 1961.

Rehearing Denied May 4, 1961.

Phil Crane, K. D. Keenan, Houston, for appellant.

Carl & Lee, Emory T. Carl, Houston, for appellees.

WERLEIN, Justice.

This is an appeal by appellant from a judgment rendered against him upon appellees' motions for instructed verdict, after the court withdrew the case from the jury at the conclusion of the evidence. It is appellant's contention that the court erred in overruling his motion for instructed verdict and in granting appellees' motions, for the reason that as a matter of law neither appellee had any interest in the land their re-

-spective policies of title insurance covered which would permit them to recover against appellant on the general warranties in the ·deeds appellant had given appellees' insureds. A short résumé of the undisputed ·evidence in the case is essential to a proper ·understanding of appellant's Points of Error.

Appellant acquired Lot 6 in Block 3 and Lot 11 in Block 2, Memorial Terrace Addition, Harris County, Texas, from one Preston B. Dumas, the consideration being the ·cancellation of a debt of $6,500. Appellant testified that Dumas told him the lots were ·clear. Appellant sold Lot 6 to Frank Dill by general warranty deed for a consideration of more than $4,000 represented by Dill's services to appellant. In connection with such sale appellant procured and furnished Dill with a guaranty title policy issued by appellee, American Title Guaranty Company, in the amount of $5,000. Appellant constructed improvements on Lot 11 and then sold the same to Wayne A. Johnson and wife, furnishing them an owner's policy of title insurance in the amount of $31,500 issued by appellee, Commercial Standard Insurance Company.

At the time of the execution and delivery of said deeds there was on record in the office of the County Clerk of Harris County, Texas, a deed of trust executed by Preston B. Dumas and wife covering several pieces of property, including said two lots, to secure the payment of one certain promissory note in the amount of $27,000, payable to Joseph Thomas Childers and wife, which deed of trust provided that each of the above described lots could be released upon payment of $2,700 on the indebtedness. At the time appellant executed and delivered said deeds, there was also of record what purported to be a release of said lots executed by Joseph T. Childers and wife, acknowledged by Childers but not properly acknowledged by his wife. The evidence shows that such release had never been executed by either Childers or his wife and the same was a forgery.

Thereafter, in February, 1957, the substitute trustee appointed under said deed of trust gave notice that the properties described therein would be sold under the terms thereof on the first Tuesday in March, 1957. Also, in February, 1957 Childers and wife filed suit to remove the cloud created by the forged release.

Thereupon the owner of Lot 6 made demand upon appellee American Title for protection against said lien on Lot 6, and in like manner the owners of Lot 11 made demand upon Commercial Standard for protection against the lien on their lot. Thereafter, appellees through their attorneys made demand upon appellant Wolff to secure a release of said liens on said lots in question and advised him that if he did not do so they would pay the sums necessary to release the liens and look to him for reimbursement. Upon appellant's refusal to do so, appellee American Title paid $2,700 to the attorney for Childers and appellee Commercial Standard paid $2,700 to said attorney, and the two lots in question were then released from said liens. Appellees then sued appellant to recover the amounts they had paid to keep said lots from being sold under said deed of trust, as threatened.

It is appellant's contention that although appellees in paying said amounts to secure the release of said liens, may have become subrogated to the rights of Childers against Dumas, they did not have the right to sue appellant to recover under the warranties in the deeds executed and delivered by appellant to Dill and Johnson. On the other hand, appellees assert that a grantee in a general warranty deed who discharges an outstanding lien for not more than the price paid for the property can recover from his warrantor the amount paid to discharge such lien, and that if such lien is discharged, not by the grantee himself but by his title insurer at his request under a contract expressly providing for the right of subrogation, the title insurer may recover on the warranty.

Each of the owner's policies in question issued respectively by appellees contained the following standard provision: "Upon payment of any loss hereunder, the company shall be entitled to be subrogated to all rights of insured against all other parties."

The law is well settled that a covenant against encumbrances is embraced within the general warranty clause, and it is the legal duty of the grantor to pay off and discharge all liens and encumbrances incurred prior to the conveyance which are not assumed by the warrantee. City of Beaumont v. Moore, 146 Tex. 46, 202 S.W.2d 448. The covenants against encumbrances embraced in the warranties in the deeds executed by appellant to Dill and Johnson were broken immediately upon execution of such deeds because of the existence of the encumbrances, but since such covenants are of indemnity, no injury was sustained until the liens were discharged; whereupon the covenantees became entitled to reimbursement for the amounts paid to secure a release thereof. Thomas v. Ellison, 102 Tex. 354, 116 S.W. 1141; Seibert v. Bergman, 91 Tex. 411, 44 S.W. 63; Woodward v. Harlin, 121 Tex. 46, 39 S.W.2d 8, 41 S.W.2d 204.

The rule is stated in 21 C.J.S. Covenants § 145a, p. 1019:

"* * * in an action for breach of a covenant against encumbrance, where the encumbrance has been obtained or removed by purchase, plaintiff is entitled to recover the amount which he fairly and reasonably paid for that purpose, with interest, * * * and, according to some authorities, with compensation for his trouble and expenses, * * *"

We disagree with appellant that only the grantees in said deeds had the right to discharge the liens against their respective lots and then sue for reimbursement. Appellees, who were called upon by said grantees to discharge such liens, were compelled to do so in order to fulfill their contractual obligations under the title policies they had issued. They became subrogated to the rights of the grantees upon payment of the amounts necessary to secure releases of the liens. Having furnished the money for the benefit of their title policyholders and having secured releases of the encumbrances at the request of the grantees as they were required to do, appellees had the legal right to sue appellant in their own names, since under the subrogation provisions in the policies they became, in effect, assignees of the claims or choses in action accruing to the grantees upon discharge of the liens.

The law is well settled that upon breach of a covenant against encumbrances, the claim of the covenantee becomes a chose in action or a claim for damages, and the measure of the covenantee's right to damages is the amount paid by him to discharge the encumbrance. 15 Tex.Jur.2d, p. 670, § 50, and cases cited. See also Schultz v. Cities Service Oil Co., 149 Kan. 148, 86 P.2d 533, citing 15 C.J. 1245, as follows: "Ordinarily, covenant of warranty, when broken, ceases to run with the land and becomes a chose in action." See also 21 C.J.S. Covenants § 74, p. 933.

We know of no reason why such chose in action or claim for damages cannot be assigned in the same manner and to the same extent as may any complete cause of action. As stated in R.C.L., Vol. 2, p. 596:

"The assignability of things in action is now the rule and non-assignability the exception. Practically the only classes of choses in action which are not assignable are those for torts for personal injuries, and for wrongs done to the person, the reputation, or the feelings of the injured party, and those based on contracts of a purely personal nature, such as promises of marriage."

We think the case of Commercial Standard Ins. Co. v. Freeman, Tex.Civ.App., 100 S.W.2d 145, writ dism., in effect upholds the right of a title guaranty company which

has satisfied a lien against property it has insured, to recover against the vendor who has warranted the title to the company's insured and also against such vendor's title company if it has issued a warrantor's title policy.

■ There is no merit in appellant's contention that appellees waived any rights they may have had against appellant on the warranties in said deeds, or that they are estopped to assert the same because their examination of the title to said lots failed to disclose the Childers note and deed of trust securing it. There is no evidence in the record of any facts which could possibly give rise to waiver or estoppel of appellees' cause of action. Appellant merely testified that he left his deed with the title company and they told him they would let him know when his deed to Dill was ready, and he relied on them to take care of the situation. He also testified that he relied on the Commercial Standard Insurance Company the same as he did the Amercian Title Guaranty Company.

■ Appellees were not in any way responsible for the encumbrance on the property which existed before appellant acquired the lots. In order to give a good title to such lots or even to retain them it was necessary for appellant to remove the liens. Appellant's contention that Mrs. Childers' defective acknowledgment to the forged release placed appellees upon inquiry which would have disclosed the fact that such release was a forgery, is likewise without merit. A note payable to a man and his wife is community property and may be released by the husband without joinder of his wife. The defective acknowledgment would not be notice to appellees of the forgery since the instrument appeared to be properly executed and acknowledged by Mr. Childers. Moreover, even if appellees or appellant's grantees knew of the outstanding encumbrance or were placed upon notice thereof, such knowledge would not be a defense to a suit by either grantees or appellees to recover on the warranty. Mas-

sad v. Bumpus, Tex.Civ.App., 146 S.W.2d 1073, writ dism., c. j.; Frels v. Schuette, Tex.Civ.App., 222 S.W.2d 1006, writ ref., n. r. e.; Shield v. Donald, Tex.Civ.App., 253 S.W.2d 710, ref., n. r. e.

■ Aside from this, appellees owed no duty to appellant to point out any outstanding encumbrance against the lots which appellant owned and had acquired prior to the time he sold the same to Dill and the Johnsons and arranged for the title policies. Although appellant paid for the title policies, the only duty imposed upon appellees by such policies was to protect their insureds against any loss as the result of defects in the title or outstanding encumbrances. This duty was performed by them.

Under the undisputed evidence, the Court properly withdrew the case from the jury and entered judgment for appellees.

Judgment affirmed.

COLEMAN, J., not sitting.