Tom Connally **LEDBETTER** et ux.,
Appellants,

v.

Robert Lee **HOWARD** et ux., Appellees.

No. 4422.

Court of Civil Appeals of Texas.
Waco.

Oct. 28, 1965.

Rehearing Denied Nov. 18, 1965.

Dunnam & Dunnam, Waco, for appellant.

Robert F. Salter, Gatesville, for appellee.

McDONALD, Chief Justice.

This is an appeal by the seller, from a judgment for the buyer, in a suit for damages for breach of the warranty in a deed.

Plaintiffs, Howard and wife, sued defendants Ledbetter and wife for breach of the warranty of title in a deed. Plaintiffs on May 6, 1960 bought a house and lot in Waco, Texas from defendants, paying $1,000 in cash and assuming $5771.84 unpaid balance on a note owed Bankers Life Company. Plaintiffs lived in the house from May 1960 to November 1961, after which date they rented the house for $55 per month. On November 23, 1964 the Treasury Department seized the house for taxes owed by defendants' predecessor in title.

Plaintiffs sued for $3752.19 (which represented the $1,000 paid in cash; $1161.12 paid to Bankers Life on the principal of the note; $943.74 paid Bankers Life as interest on deferred balance; and $647.33 paid Bankers Life as escrow funds for payment of taxes and insurance.

Defendants answered by general denial, and filed cross action for $680 (plus attorneys' fees), allegedly due defendants from plaintiffs on a note.

Trial was before the court without a jury, which found plaintiffs entitled to the $3752.19 sued for; and defendants entitled to $748 on their cross action against plaintiffs; and rendered judgment for plaintiffs for $3004.19.

Defendants appeal, contending the trial court erred:

1) In rendering judgment for plaintiffs when plaintiffs did not allege and prove they were unable to pay off the tax lien prior to foreclosure by the U. S. Government.

2) In rendering judgment for plaintiffs when defendants tendered a title to the property clear of the U. S. Treasury lien.

3) In rendering judgment for the $943.74 interest, and $647.33 escrow funds paid by plaintiffs to Bankers Life, since plaintiffs did not allege and prove such interest and escrow funds were in excess of the reasonable rental value of the property.

We revert to defendants' 1st contention. Defendants sold the property to plaintiffs and warranted the title. Such titled failed because the U. S. Treasury asserted a tax lien against the property, and subsequently foreclosed it. The plaintiffs had no duty to diminish the damages accruing from breach of a covenant of general warranty by purchasing or extinguishing the title asserted against them. Schneider v. Lipscomb Co. Nat. Farm Loan Ass'n., 146 Tex. 66, 202 S.W.2d 832.

Defendants' 2nd contention is that plaintiffs were not entitled to judgment because defendants tendered them a title to the property free of the U. S. tax lien. Plaintiffs were dispossessed of the house and lot on November 23, 1964 by the U. S. tax authorities. Thereafter, the tax authorities held a tax sale and the defendants bought the property in for some $1500; and in their answer tendered a deed to the property free and clear of the tax lien. The tender came too late. Plaintiffs had already been dispossessed of their property, and had instituted their suit on the defendants' warranty of title, prior to the tender.

Defendants' 3rd contention complains that the trial court erred in rendering judgment for plaintiffs for the $943.74 interest defendant paid Bankers Life on the deferred balance of the note; and the $647.33 plaintiffs paid Bankers Life as escrow

funds with which to pay taxes and insurance on the property.

 The measure of damages for breach of warranty is the value of the property at the time the warranty was made; generally shown by the amount of the consideration paid. 20 Am.Jur.2d p. 691. The plaintiff may further recover for interest and taxes paid if he was never in possession or if his occupancy was not beneficial. Where the buyer has been in beneficial possession up to the time of eviction, he can recover only for the interest and taxes which are in excess of the reasonable rental value of the premises.

Plaintiffs alleged the reasonable rental value of the property to be $60 per month; and the proof showed plaintiffs lived on the property from May 1960 to November 1961; and rented the property for $55 per month from November 1961 until November 1964. The rental value of the property was thus $3470; and in excess of the $1591.07 interest and escrow payments contended for. Therefore, plaintiffs were not entitled to recover for the interest and escrow moneys. 20 Am.Jur.2d p. 708, 716; Huff v. Reilly, CCA (n. w. h.), 26 Tex.Civ. App. 101, 64 S.W. 387; Brown v. Hearon, 66 Tex. 63, 17 S.W. 395.

The trial court erred in rendering judgment for the $943.74 interest and $647.33 escrow funds paid by plaintiffs, and the judgment is excessive in such amount.

Plaintiff, by cross point, contends the trial court erred in holding defendants entitled to recover $748 against them. Defendants alleged that plaintiff executed a note payable to defendants for $1000, upon which was unpaid $680. Plaintiff plead limitation as to the note; and the trial court sustained plaintiffs' objection to the introduction of the note in evidence. Nevertheless the trial court entered judgment for defendant against plaintiff for the $680 (plus $68 attorneys' fees as provided in the note). The note was not overdue before

May 1, 1961; the 4 year Statute of Limitations is applicable to such note; and the note was not barred by limitations since defendants' cross action was filed on April 15, 1965. As noted, trial was before the Court without a jury. While the basis for the trial court's action in rendering judgment for the $748 does not appear with certainty, the note was admissible in evidence, and the action of the trial court in rendering judgment for defendant thereon is correct.

The judgment is reformed, deleting the $1591.07 excessive amount; and affirmed for the balance of $1413.12, on which plaintiffs are entitled to interest at 6% from the date of eviction, November 23, 1964. The judgment is further reformed to provide for such interest. Costs are divided ½ against each party. As reformed, the judgment is affirmed.

Reformed and affirmed.