## STANOLIND OIL & GAS CO. v. CERF.

### No. 1924.

Court of Civil Appeals of Texas. Waco.

Oct. 14, 1937.

Rehearing Denied Nov. 18, 1937.

Turner, Rodgers & Winn and F. J. Scurlock, all of Dallas, and Clay Tallman, and L. A. Thompson, Jr., both of Tulsa, Okl., for appellant.

Thompson, Knight, Baker, Harris & Wright, and Sol Goodell, all of Dallas, for appellee.

ALEXANDER, Justice.

This suit was brought by Stanolind Oil & Gas Company against Moise Cerf in 1935 to recover the sum of $1,280, being one-half of the bonus alleged to have been paid to Cerf by plaintiff's predecessor in interest, the Dixie Oil Company, Inc., for an oil and gas mining lease on 1,280 acres of school land belonging to Cerf and in which the state had retained the title to the minerals. The plaintiff alleged, in substance, that in 1927 the defendant Cerf, acting under the provisions of Revised Statutes, art. 5368, for himself and as agent of the state of Texas, for a cash consideration of $2,560 paid to Cerf, executed and delivered to the Dixie Oil Company, Inc., an oil and gas mining lease on 1,280 acres of school land in Pecos county; that said land was mineral classified land in which the state had retained title to the minerals and was entitled to one-half of all bonuses and rentals paid for oil and gas mining leases thereon; that, at the time of the execution and delivery of

said lease, said lessee was laboring under the mistaken belief that Cerf, who was the owner of the fee in the land, was entitled to receive and retain the entire bonus paid by plaintiff for said lease, and as a consequence said lessee actually paid to Cerf the full contract price of said lease, to wit, $2,560, and said Cerf retained the same and failed to pay any part thereof to the state; and that subsequently, in 1933, the plaintiff, as the successor in interest to the Dixie Oil Company, Inc., was required to pay to the state of Texas the sum of $1,280 in satisfaction of its claim for one-half of the original bonus that had been paid to Cerf. The plaintiff alleged that it did not discover that Cerf was not entitled to receive and retain the full amount of said bonus until after the decision of the case of Empire Gas & Fuel Co. v. State, 121 Tex. 138, 47 S.W.2d 265, in 1932. The plaintiff sought recovery of one-half of said bonus on three counts: First, breach of warranty of title by Cerf; second, mutual mistake in paying the entire bonus to Cerf; and, third, subrogation to the right of the State to collect said money from Cerf. The defendant, in addition to pleading limitation, denied that there was any mutual mistake or breach of warranty, and alleged that the lessee agreed to pay plaintiff the full sum of $2,560 for his own use and benefit for his interest in said lease, and, in addition, agreed to pay the state of Texas any and all amounts that might be demanded by it for its share of said lease, and that it was specifically agreed that the lessee would be required to pay the state at least the sum of $1,280, and that, by reason thereof, the plaintiff and its predecessors in title had not been injured but had been required to pay the state only the minimum amount that it had agreed to pay for said lease.

A trial before the court, without a jury, resulted in a judgment for the defendant. The plaintiff appealed.

The trial court filed findings of fact and conclusions of law. All material findings appear to be fully supported by the evidence. The record discloses that in 1927 Cerf, who was the owner of the fee in said land, acting under the provisions of the Relinquishment Act (R.S. art. 5367 et. seq.) for himself and as agent for the state, executed and delivered to Dixie Oil Company, Inc., an oil and gas mining lease on 1,280 acres of mineral classified or so-called "relinquishment" school lands in Pecos county, in which land the state had retained the title to the min-

erals but had vested in Cerf, as the fee owner, the right to lease same. The consideration recited in the lease was as follows: "For and in consideration of the sum of Ten ($10.00) Dollars and other good and valuable consideration, cash in hand paid, the receipt of which is hereby acknowledged. * * *" It further provided: "All bonus and royalties which may be required to be paid to the State of Texas, under this lease on said land shall be deducted by lessee from the amount thereof herein contracted to be paid lessor." It bound the lessee to pay lessors one-eighth royalty and to perform certain other covenants usual in oil and gas mining leases and contained a warranty of title. The lease was for a period of ten years, and in this connection recited: "It is understood this is a ten year paid up lease without drilling obligations on the part of the lessee." It did not provide for the payment of any annual rentals. Cerf testified, apparently without contradiction, that it was understood between him and the representative of lessee, at the time of the execution of the lease, that lessee would pay to Cerf, for his own use and benefit, the sum of $2,560 in cash for said lease and, in addition, would pay to the state of Texas any and all such sums of money as might be due or afterwards demanded by the state, and that it was understood that the amount to be paid by lessee to the state would not be less than ten cents an acre each year for ten years, or a total of $1,280. The attorney who examined the title for lessee, in reporting his examination, wrote lessee as follows: "You also understand that in addition to the money you pay the fee owner, there must be paid to the Commissioner of the General Land Office 10¢ per acre bonus and 10¢ per acre annual rental, and we advise that a certified copy of your lease when taken on Surveys 22 and 26 should be filed in the General Land Office, together with $1.00 per acre, or $1,280.00, to cover the bonus and full nine years rental under this lease." When the trade was closed, lessee paid Cerf $2,560, all of which he retained for himself. In addition to the above payment made to Cerf, lessee made the following payments to the state: June 4, 1927, $128; January 16, 1928, $128; January 17, 1929, $128; January 20, 1930, $128—making a total of $512. On February 18, 1931, the plaintiff, as the successor in interest to Dixie Oil Company, Inc., voluntarily and without request from Cerf, or any one else, executed and delivered to Cerf a release to said lease. On August 14,

1933, the state demanded of plaintiff that it pay to the state the sum of $768 in settlement of the balance due on said lease, and, in order to avoid a lawsuit, plaintiff did pay said amount to the state. Prior to the execution of the release of said lease by the plaintiff, neither plaintiff nor the original lessee complained of having to make payments to the state thereon, and no demand was made on Cerf for a return of any part of the money received by him until after plaintiff had made the final payment of $768 to the state.

The trial court made the following material findings:

"At the time said lease was executed, prior thereto and subsequently Dixie Oil Company, Incorporated, through its duly authorized agents, knew that, because of its taking said lease, it would be required to pay direct to the State of Texas, in addition to such sums as it might pay defendant, Moise Cerf, for bonus or delay rentals, at least the sum of $1,280.00 (being 10¢ per acre on 1280 acres for ten years), and it knew that it might be required to pay additional sums direct to the State of Texas.

"As consideration for the execution and delivery of said lease by defendant, Moise Cerf, Dixie Oil Company, Incorporated, acting through its duly authorized agent, K. M. Hancock, agreed to pay defendant, Moise Cerf, for his own use and benefit the sum of $2,560.00 to pay to defendant, Moise Cerf, and the State of Texas the royalties stipulated in the lease, and in addition to pay direct to the State such other and further sums (it being contemplated that they would amount to at least $1,280.00) as might then or thereafter be owing to the State as bonus or rentals; and defendant, Moise Cerf, executed and delivered said lease for said considerations. * * *

"No portion of said sum of $2,560.00 paid by Dixie Oil Company, Incorporated, to defendant, Moise Cerf, was paid to him under any mistake of fact or of law, but Dixie Oil Company, Inc., at all times knew that same was to be retained by him for his sole use and benefit, and that, in addition to said sum so paid to him, it would have to pay at least $1,280.00 to the State on account of said lease, and Dixie Oil Company, Incorporated, acting through its duly authorized agent, K. M. Hancock, agreed with defendant, Moise Cerf, that said $2,560.00 was to be retained by him, and that Dixie would pay such additional sum of $1,280.00 direct to the State."

Since the consideration recited in the lease was not contractual and since it is apparent that the lease does not purport to contain a statement of the full consideration to be paid therefor, parol evidence was admissible to prove the true consideration. 10 Tex.Jur. 119; Smith v. Chipley (Tex. Civ.App.) 14 S.W.2d 116, par. 6.

From the evidence referred to and the findings of the trial court, we think it is clear that lessee, in consideration for said lease, not only agreed to pay Cerf the $2,560 received and retained by him, but, in addition, agreed to pay the state any and all sums that might be demanded by it, and that lessee then understood that the minimum amount that it would be required to pay the state would be the sum of $1,280. The total amount that it has been required to pay the state is the sum of $1,280, the minimum amount that it contracted to pay, and hence it has in nowise been injured in the transaction. The state may not have received the full amount due it, but that matter is not involved in this suit. There was no breach of warranty because there was no eviction, and plaintiff and its predecessor in interest were not required to pay any more than they actually agreed to pay for the lease.

This case is distinguishable from the case of Shell Petroleum Corporation v. Tippett, 103 S.W.2d 448, decided by the Austin Court of Civil Appeals. In that case, the whole consideration for the lease was paid to the fee owner under a mistaken belief that he was entitled to same, and as a consequence the lessee was subsequently required to pay the state of Texas an additional sum for said lease, and therefore lessee would have suffered an injury had it not been allowed to recoup its loss by a recovery from the lessor. In the case at bar, it was understood by both parties at all times that lessee would be required to pay to the state and to the fee owner, in consideration for said lease, the exact amounts which it actually paid to them, and hence the lessee and the plaintiff, as its successor in title, have suffered no injury and have no right to recover from the fee owner.

The judgment of the trial court is affirmed.