H. P. ALLISON ET AL. V. STANOLIND OIL & GAS COMPANY.

No. 7516. Decided June 6, 1939.
Rehearing overruled July 19, 1939.
(129 S. W., 2d Series, 267.)

*D. B. Hardeman, R. G. Hughes* and *Wm. B. Wilson,* all of San Angelo, for plaintiffs in error.

The Court of Civil Appeals erred in failing to recognize the special provisions of the contract between plaintiff and defendants, with respect to the payment of any sums due or to become due the State of Texas, and it also erred in failing to hold plaintiff and its predecessor in title to a discharge of their contractual duty to deduct from the amounts to be paid to defendants any sum due to the State. 32 Tex. Jur. 727; Scott v. Slaughter, 80 S. W. 643; Gibson v. General American Life Ins. Co., 89 S. W. (2d) 1070.

*Turner, Rodgers, Winn & Sellers,* and *F. J. Scurlock,* all of Dallas, for defendant in error.

Defendants in warranting title, both individually and for the State, agreed that plaintiff should acquire full title subject to the conditions and obligations of the lease and they, in their individual capacity, breached that warranty when they accepted and retained the half of the bonus which belonged to the State. Merryfield v. Willson, 14 Texas 224; Ingram v. Posey, 138 S. W. 421 and cases cited in the opinion.

MR. JUSTICE CRITZ delivered the opinion of the Court.

The opinion of the Court of Civil Appeals in this case makes a complete and fair statement of facts and law questions involved. We adopt and approve such opinion as in all respects correct. It is reported at 121 S. W. (2d) 480. (This volume, page 542.) We, however, add the following to such opinion.

■ As shown by the opinion of the Court of Civil Appeals and the record in this case, H. P. Allison et al., acting as agents of the State, and by authority of what is generally known as the "Relinquishment Act," Article 5367 et seq., R. C. S. 1925, executed and delivered to certain parties two oil and gas leases. The bonus of $5760.00 named in each of said leases was paid in cash by the lessees to the lessors at the very time the leases were delivered. Such lessors never paid any part of said bonuses to the State. Under the holdings of this Court in Green v. Robison, 117 Texas 516, 8 S. W. (2d) 655, and Empire Gas & Fuel Co. v. State, 121 Texas 138, 47 S. W. (2d) 265, the lessors were, in law, in duty bound to pay to the State one-half of such bonuses. This defendant in error, as assignee of the original lessees, paid such sums to the State, and in this action sues the lessors for reimbursement.

■ The facts of this case bring it directly under the rules of law announced in Shell Petroleum Corp. v. Tippett (Tex. Civ. App., writ refused), 103 S. W. (2d) 448. By refusing the writ of error in the Tippett case, we approved the opinion. Also, we here and now approve such opinion in its entirety.

These leases are in legal effect the same as the leases in the Tippett case, supra, except these leases each contain the following clause:

"All bonuses and royalties which may be required to be paid to the State of Texas under this lease on said land, shall be deducted by the lessee from the amount thereof herein contracted to be paid lessor."

Counsel for lessors, who are plaintiffs in error here, contend that the above-quoted provision contained in these leases has effect to make the rules of law announced in the Tippett case, supra, inapplicable to this case. To our minds, the above-quoted provision can be given no such effect. An examination of these leases, and of this record, shows that the only bonuses involved in the two transactions were the cash bonuses provided in the leases, and paid at the very time they were delivered. The clause under discussion, in effect, expressly allowed the lessee to deduct from such bonuses any amount thereof "which may be required to be paid to the State of Texas, * * *" The very language itself plainly demonstrates the contractual purpose or intent to place the primary or ultimate liability on the lessor for the amount of such bonuses that might be required to be paid to the State. It is true that the lessees made no deductions from the bonuses at the time the leases were delivered. The reason for this was that it was not then known what such deductions ought to be, or whether or not there should be any.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered June 14, 1939.

### OPINION BY COURT OF CIVIL APPEALS.

Suit was by appellant against appellees to recover from them $5760, which it had been compelled to pay the State, being one-half the amount of the bonus for oil and gas leases on lands in Terrell County, which entire bonus had been paid to appellees on such lands in 1927, none of which appellees had paid to the State. The material facts are as follows:

H. P. Allison and wife in 1927 owned 2560 acres of land in Terrell County, which had been classified when sold by the State as mineral lands. H. L. Merck likewise owned 2560 acres located in the same county similarly classified. In that year these parties acting for themselves and as agents of the State under the Relinquishment Act (Arts. 5367 to 5382 R. S.) executed separate 10-year paid up oil and gas leases to the Dixie Oil Company, Inc., and the Southern Crude Oil Purchasing Company, corporations, on which they were then paid cash bonuses of $2.25 per acre. In 1931 these leases were assigned to appellant and said corporations dissolved. Appellant has continuously paid the State the 10 cents per acre charge provided for in Art. 5358 R. S. In September, 1931, while the case of Empire Gas & Fuel Company, decided by this Court in October, 1929, (21 S. W. (2d) 376) was pending in the Supreme Court upon writ of error granted, to avoid jeopardizing the validity of its leases, and to prevent possible forfeiture thereof by the State, appellant deposited with the Commissioner of the General Land Office, under protest, one-half of said bonus, $5760, which the lessors should have paid to the State, and under agreement with the Land Commissioner to hold same in a suspense account until the Supreme Court decided the Empire Gas & Fuel Company case. After the Supreme Court decided that case (See 121 Texas 138, 47 S. W. (2d) 265), the Land Commissioner paid said fund into the State Treasury; and on January 8, 1935, after refusal of appellees to reimburse appellant in the sum paid by it, this suit was filed to recover it. Trial was to the court without a jury and judgment rendered in favor of the defendants therein; hence this appeal.

The appellant sought recovery on three grounds:

1. Under the general warranty of the lessors (appellees here) contained in their leases on said lands.

2. Reimbursement for money paid to appellees under mutual mistake.

3. Subrogation to the State's right of recovery against appellees.

This case is clearly ruled by our decision in Shell Petroleum Corporation v. Tippett, 103 S. W. (2d) 448 (writ ref.) While the lease in the Tippett case was not a fully paid up lease and differed from the leases involved in the instant case as to rentals and terms and conditions of development, in both instances the lessors acted in the same capacities (that is, for them-

selves and as agents of the State), the warranties in the leases were identically the same, and the entire bonus was paid by the lessees to the lessors under the mistaken belief that the lessors were entitled to all of it.

The leases here involved contained a provision, not found in the Tippett lease, as follows:

"All bonus and royalties which may be required to be paid to the State of Texas, under this lease on said land, shall be deducted by lessee from the amount thereof herein contracted to be paid lessor."

It is the contention of appellees that under this provision, appellant having made a full and complete investigation, and with knowledge of all the facts having paid all of said bonus to lessors, instead of deducting one-half thereof and paying it to the State, the payment to lessors was voluntary and could not therefore be recovered.

It clearly appears that at the time payment was made to the lessors both parties believed that the surface owner was entitled to retain the entire bonus. This conclusion was that of lessors and title examiners generally and was the ruling of the Land Commissioner. The question seems never to have been raised until the decision of Green v. Robison, 117 Texas, 516, 8 S. W. (2d) 655, was rendered on June 28, 1928. The statement of the Supreme Court in that decision was considered as dictum, and the question not directly settled until the decision of the Supreme Court in the Empire case (121 Texas 138, 47 S. W. (2d) 265) was rendered on February 24, 1932. While appellees contend that the mistake was one of law and not of fact, we held in the Empire case (21 S. W. (2d) 376), under similar circumstances, that such mistake was one of fact and not of law. While the general rule is, but not without exception, that moneys voluntarily paid under a mistake of law where all facts are known to the payer, can not be recovered; the rule is otherwise where same is paid under a mistake of fact. 32 Tex. Jur. Sec. 48, p. 727, and Sec. 52, p. 735.

However that may be, we expressly held in the Tippett case and in the Empire case that the lessor was liable under his warranty, identical with that in the instant case, and that "The cause of action for this breach of warranty arose when Shell paid the State and thereby discharged the incumbrance." This conclusion clearly disposes of the instant case, unless appellees' pleas of limitation apply.

As to this the following are the facts: Appellant, after our decision in the Empire case, and while it was pending in the

Supreme Court, paid to the Land Commissioner in September, 1931, the amount of money here involved, under protest and upon agreement with the Commissioner that it be held in a suspense account until the Supreme Court decided the Empire case. After that decision the Land Commissioner, on June 16, 1932, took said money out of the suspense account and paid it into the State Treasury. This suit was filed January 8, 1935. This was less than four years after the money was first paid out by appellant, if treated as paid when placed in the suspense account. It is now settled that appellant had no cause of action, other than perhaps for nominal damages, for breach of warranty, until it had been evicted or compelled to pay out such funds to protect its title, and limitation did not begin to run against it until that time. Seibert v. Bergman, 91 Texas, 411, 44 S. W. 63; Huff v. Reilly, 64 S. W. 387; Shell Petroleum Corp. v. Tippett, supra; 12 Tex. Jur., Sec. 55, p. 83; Sec. 66, p. 99; 31 Tex. Jur., Sec. 207, p. 868. And the same is true if it be held that appellant's demands against appellees rest upon the right of subrogation of appellant to the claim of the State against appellant and appellees, jointly and severally. Tippett case, supra; Ward v. Hanchett, 47 S. W. (2d) 360; 39 Tex. Jur., Sec. 42, p. 803. While other questions are raised and contentions made, they are the same as those presented to us in the Tippett case, and were there fully disposed of. No useful purpose would be served by repeating them here.

Nor does the case of Stanolind Oil & Gas Co. v. Cerf, 110 S. W. (2d) 177, by the Waco Court of Civil Appeals, sustain the trial court's judgment herein. That case the court itself expressly distinguishes from the Tippett case. The instant case is clearly ruled by the Empire and Tippett cases, above cited, wherein the same issues were involved. It follows, therefore, that the judgment of the trial court should be reversed and judgment here rendered for appellant as prayed for.

Reversed and rendered October 12, 1938.