### NAVARRO OIL CO. v. CROSS.

No. 14196.

Court of Civil Appeals of Texas. Fort Worth.

March 28, 1941.

Rehearing Denied April 25, 1941.

Lightfoot, Robertson, Gano & Johnston and John T. Gano, all of Fort Worth, and Farish, Durno & Gordon, Robert S. Durno, DeWitt M. Gordon, Jr., and Peter M. Chuoke, Jr., all of Houston, for appellant.

Montague & Fannin, of Fort Worth, for appellee.

McDONALD, Chief Justice.

This suit grew out of an oil and gas lease covering a tract of land bearing a mineral classification, executed pursuant to Articles 5367 et seq., Revised Civil Statutes, Vernon's Ann.Civ.St. art. 5367 et seq., commonly known as the Relinquishment Act. The lease was executed by defendant and wife as lessors, in favor of plaintiff, as lessee.

Plaintiff, Navarro Oil Company, sued defendant, John T. Cross, for the sum of $6,000, alleging that the purchase price or bonus paid for the lease was $12,000; that plaintiff did not know that at the time this money was paid that one-half the bonus should have been paid to the State of Texas; that the entire $12,000 was paid to defendant; that $6,000, or one-half, of the amount was wrongfully received by defendant because it should have been paid to the State; and that later the State sued plaintiff for the $6,000, recovered judgment therefor, and collected it from plaintiff. Defendant was not made a party to that suit by either the State or the plaintiff. The trial court, in the present suit, sustained a general demurrer to plaintiff's pe-

tition, plaintiff declined to amend, the cause was thereupon dismissed, and plaintiff has appealed.

Attached to the petition, and made a part of the petition by reference, is a copy of the lease.

The alleged cause of action is based upon three counts in the petition, to-wit, breach of warranty, subrogation of plaintiff to the rights of the State against defendant, and right of plaintiff to indemnity from defendant for the amount paid by plaintiff to the State.

Defendant's contentions, presented in his brief, are that the terms of the lease itself show that the $12,000 paid to Cross was for his individual use, and that the lease obligates plaintiff to pay to the State all sums of money which might be due the State as its share of the bonus, over and above the $12,000 paid to defendant. The clauses of the lease which defendant relies upon are a portion of the clause reciting the consideration, reading as follows:

"Lessors in consideration of the sum of Twelve Thousand Dollars ($12,000.00), cash in hand paid * * * and of the agreements of Lessees herein contained," and another clause reading as follows:

"1½. In the event any of the lands embraced in this lease are classified as mineral lands and thereby the State of Texas is due its pro rata part of the oil and gas royalty hereinafter provided, then it is agreed that Lessees herein shall deduct and pay to the State of Texas such pro rata part of the oil and gas royalty to which it may be entitled under such cases, made and provided in the event of the production of oil and gas from any of the lands containing such mineral classification; Lessees further agree, and are hereby authorized to pay to the State of Texas the ten cents per acre annual rental due the State of Texas under the law, on the lands herein described, and to fully comply with all present and future laws of the State of Texas, and Rules and Regulations of the Commissioner of the General Land Office of the State of Texas, applicable to any of the lands herein involved. In the event it develops that all or any part of the lands herein described and leased is subject to the Mineral Classifications of the State of Texas, then Lessors execute this instrument not only in their individual capacities but as agents for the State of Texas, which they are authorized to do under the Act or Acts governing the handling of lands with Mineral Classifications."

A copy of the lease is attached to the petition and by reference made a part of the petition. Thus, in considering the demurrer, the terms of the lease will control over any contradictory allegations in the petition. Freiberg, Kline & Co. v. Magale, 70 Tex. 116, 7 S.W. 684; Cowden v. Broderick & Calvert, 131 Tex. 434, 114 S.W.2d 1166, 117 A.L.R. 61. While plaintiff's petition alleges that the $12,000 was the entire bonus, including the share of the State, as well as that of the landowner, we are governed, in passing upon the demurrer, by the provisions of the lease itself, and not by the allegations of the petition as to what the lease provides.

The question for decision, therefore, is whether the allegations of the petition, as controlled by the terms of the lease, are sufficient to show that the $12,000 was the entire bonus provided in the lease to be paid by the lessee.

The effect of the Relinquishment Act, the ownership of oil and gas in lands bearing a mineral classification, the respective rights of the State and the landowner in the bonus, rents and royalties, and the rights, duties and obligations of the landowner and the lessee, are set out in Greene v. Robison, 117 Tex. 516, 8 S.W.2d 655; Empire Gas & Fuel Co. v. State, 121 Tex. 138, 47 S.W.2d 265; Shell Petroleum Corp. v. Tippett, Tex.Civ.App., 103 S.W.2d 448, writ of error refused; and Allison v. Stanolind Oil & Gas Co., 133 Tex. 540, 129 S.W.2d 267. The State and the landowner are each entitled to one-half of the bonus paid for the lease. The landowner has no authority to collect the one-half belonging to the State, but if he does so, both he and the lessee become jointly and severally liable to the State for its one-half, although as between the landowner and the lessee in such case, the duty is primarily upon the landowner to pay the State, if the landowner has actually collected the entire bonus.

We do not consider it necessary in this case to determine whether the defendant's liability, if he received bonus money belonging to the State, is based upon his warranty of title, upon subrogation of the lessee to the rights of the State, or upon indemnity owed by the landowner to the lessee. If in fact the $12,000 was the total bonus agreed by the parties to be paid for the

lease, he is liable to the lessee. But if the $12,000 was only the landowner's part of the bonus, and if under the lease the lessee is required to pay to the State such amount of bonus as the State was entitled to receive, in addition to the amount payable to the landowner, then plaintiff is not entitled to recover for the reason that the landowner has been paid only the part of the bonus to which he was entitled.

■■■ Although the Supreme Court in the Empire Gas & Fuel Co. case, supra, stated that there was a general misunderstanding of the Relinquishment Act prior to the decision in Greene v. Robison, supra, we believe that we should, nevertheless, indulge in the presumption that defendant knew the law, in the absence of any allegation to the contrary. Plaintiff alleges that it did not know the law, but it does not allege that defendant was under any mistake as to the law. Following the rule that every provision of the contract, if possible, should be given effect, and reading the terms of the lease in the light of the presumption that the landowner did know the law, we are led to the belief that the lease obligated the lessee to pay to the State all sums of money which might be required under the law, over and above the $12,000 recited to have been paid to the landowner. Examining the quoted provision of the lease in detail, we find nothing to indicate an intention on the part of lessor to agree to deduct any amount from the $12,000. The first sentence of the quoted provision authorizes the lessee to deduct and pay to the State of Texas the latter's share of the oil and gas royalty to which it might be entitled, "in event any of the lands embraced in this lease are classified as mineral lands." We construe this to mean that the deduction was to be made from the royalty which would otherwise be paid to the landowner. The second sentence in the provision does not expressly authorize a deduction from the moneys paid or to be paid to the landowner. The reasonable conclusion is that the parties, or at least the landowner, must have intended something different by omitting the word deduct from this sentence. In this second sentence of the provision the lessee agrees to pay the State of Texas ten cents per annual rental due "and to fully comply with all present and future laws of the State of Texas, the rules and regulations of the Commissioner of the General Land Office of the State of Texas, applicable to any of the lands herein involved." The lease recites that it is made in consideration of $12,000, and the agreements of the lessee contained in the lease. It would reasonably appear from this that the landowner contemplated that the lessee would be required to perform obligations in favor of the State of Texas, in addition to those expressly set out in the lease; in other words, those required by law to be performed. The Relinquishment Act expressly provides that the moneys payable to the State shall be paid direct by the lessee, in one of certain prescribed manners. Art. 5381 R.C.S., Vernon's Ann.Civ.St. art. 5381. A misunderstanding or ignorance of the law on the part of the lessee alone cannot afford a basis of recovery against defendant, in the absence of some fraud, misrepresentation or other wrongful act on the part of the latter. The petition does not allege any fraud or misrepresentation on the part of the landowner, nor does it allege any mutual mistake.

In all of the cases above cited, in which the landowner was held liable for the payment, either to the State or to the lessee, as the case may have been, of one-half the bonus, the facts found were that the entire bonus was paid to the landowner, under mutual mistake of both parties regarding the right of the State to one-half the bonus. Plaintiff's petition in the present case does not allege such a mutual mistake. Although the petition alleges that the lease names a consideration of $12,000 and alleges that the $12,000 was paid to the landowner individually and as agent for the State, the terms of the lease itself, being made a part of the petition, must control any contrary allegations. In none of the cases above cited was there a provision in the lease similar to the one above quoted.

We consider that the case reduces itself to the question of whether the $12,000, under the terms of the lease, was the entire amount required to be paid to both the landowner and the State, or whether the $12,000 was the amount which the lessee agreed to pay to the landowner as his part. If it was the former, then the defendant is liable to the lessee. If it was the latter, then plaintiff has no case upon the theory of either warranty, subrogation or indemnity.

■■■ If the lease is equally susceptible of two constructions, one of which would make the acts and conduct of the defend-

ant lawful, and one of which would make the acts and conduct of the defendant unlawful, we should adopt the construction which would make the defendant's acts and conduct lawful. Wicks v. Comves, 110 Tex. 532, 221 S.W. 938. If the defendant agreed to and did collect only his share of the bonus, and agreed that lessee should pay direct to the State its share, he acted lawfully. If he agreed to collect the entire bonus, he acted unlawfully. See Stanolind Oil & Gas Co. v. Cerf, Tex.Civ.App., 110 S.W.2d 177, writ of error dismissed.

Judgment of the trial court is affirmed.