**SHELL OIL CO., Inc., v. LUTZ.**

No. 14276.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 10, 1941.

Rehearing Denied Nov. 7, 1941.

H. W. Varner, of Houston, for plaintiff in error.

Smith & Smith and Ben G. Smith, all of Fort Worth, for defendant in error.

BROWN, Justice.

Appellant oil company purchased several leases from appellee Lutz in the year 1927. Such purchases were made under the law generally known as the Relinquishment Act, and being Articles 5367 et seq., Revised Civil Statutes 1925.

The form used is the customary "Producers 88 Form", which contains the consideration clause "that lessor for and in consideration of (here stipulating the actual cash paid), cash in hand paid, the receipt of which is hereby acknowledged, and of the covenants and agreements hereinafter contained on the part of lessee to be paid, kept and performed, has granted, demised, leased and let," etc.

The leases also contain the usual general warranty provisions, and there was added to this "Producers 88 Form Lease" the following provisions:

"In the event any of the lands embraced in this lease are public free school or asylum lands sold with a mineral classification or mineral reservation and the State of Texas is, therefore, entitled to the undivided one-sixteenth (1/16th) of the value of the oil and gas therefrom which is reserved, then it is agreed that the Lessee shall, as to any production of oil or gas from any of the lands having such mineral classification or reservation, deduct and pay to the State of Texas said undivided one-sixteenth (1/16th) of the value of the oil and gas, and shall pay to Lessor like amounts, such payments to be in lieu of the performance of any and all of the covenants and agreements in paragraphs hereof entitled '1st', '2nd' and '3rd', respectively; the Lessee agrees to pay to the State of Texas the ten cents per acre annual rental due the State for the term of this lease, or until Lessee may elect to surrender said lease. Should all or any of the acreage herein leased have a mineral classification or reservation, then, as to

such acreage, Lessor executes this instrument in his individual capacity and as Agent for the State of Texas, as he is authorized to do under the Act governing the execution of private leases on lands having a mineral classification.

"Should any of the land embraced in this lease have a mineral classification or reservation, then as to such land only Lessee shall not have the right to use free of cost oil or gas produced on such lands for its operations thereon.

"In testimony whereof we sign this the 29th day of January, 1927."

Because these lands are subject to the said Relinquishment Act, the State of Texas sued lessee for a sum equal to one-half of the bonus money, or cash consideration, that was paid by the lessee to the lessor, and recovered judgment therefor.

The case before us grows out of a suit brought by the lessee to recover such sum from the lessor.

There are three counts in the petition: (1) to recover on the lessor's warranty, (2) to recover on the theory that the entire bonus money was paid to lessor through a mutual mistake of fact, and (3) to recover on the theory of being subrogated to the rights of the State of Texas, after being compelled to pay the State what was due it under the lease.

As is disclosed by the record, the attorneys for the respective parties agreed to let the case rest on the docket to abide a decision in a test case then pending, to-wit: Shell Petroleum Corporation v. Tippett.

The opinion of the Court of Civil Appeals is dated March 3rd, 1937, and is found in 103 S.W.2d page 448; a writ of error was refused in the case.

Without the knowledge or procurement of either the plaintiff or the defendant, the trial court dismissed the instant suit for want of prosecution and in less than two years after such judgment was rendered the plaintiff filed a bill of review.

From the results of the trial of the bill of review this appeal was perfected by the plaintiff for insufficient relief. The trial court sustained the bill of review but denied the plaintiff any recovery as to the "bonus monies" paid.

The defendant below sought to defeat recovery by pleading that he was wholly ignorant of the meaning of the said Relinquishment Act, but that plaintiff's authorized agent represented to defendant that plaintiff's counsel had advised the plaintiff fully as to the meaning of such Act and "that it was unnecessary for the defendant to concern himself as to the meaning of said Act, and that the defendant was taking no risk of having to account in anywise to the State of Texas with reference to any bonus money or delay rentals which defendant might receive under said leases, and assured defendant that as to such sums as might have to be paid to the State of Texas on account of such leases, plaintiff would make said accounting and payments and that in no event would the defendant have to pay or account to the State of Texas in the premises, but that the plaintiff would hold defendant harmless against the State in respect to all same; that the defendant was wholly ignorant of the provisions of the Relinquishment Act and relied upon the foregoing advices, assurances and representations of the plaintiff in executing said leases; that without such assurances and representations the defendant would not have executed said leases; that it was specifically understood and agreed that the bonus money paid to the defendant, and whatever delay rentals might thereafter be paid to him, were to be net to the lessor and to be his part of such bonus money and delay rentals."

There are further allegations that the market price of leases on the lands involved was more than the $5 per acre paid to the defendant, and that he was induced to execute the leases at a less bonus than the market would justify on account of and for and in consideration of the aforesaid advices, assurances, representations and agreements on the part of the plaintiff, and that the plaintiff is estopped from its attempt to recover from defendant; and further that if by mistake the plaintiff paid to the defendant bonus money and delay rentals which should have been paid to the State, same was a mistake of law, namely, as to the meaning of the provisions of the Relinquishment Act.

The cause was tried to the court and findings of fact and conclusions of law were made and filed.

The court first finds that the plaintiff was not guilty of negligence, carelessness or indifference in its attention to the suit on file and that the bill of review is well taken.

That the reasonable market value of the lands involved, for oil and gas purposes, was far in excess of the amount paid to Lutz.

The following finding we quote in full: "I further find from a preponderance of the evidence that at the time the last two mentioned leases were executed and delivered, it was agreed by and between the plaintiff and the defendant that the bonus price paid to the defendant should be $5.00 per acre, and that the plaintiff paid to the defendant the sum of $4.90 per acre, reserving ten cents per acre to be paid to the State of Texas, and that such payment was made to the defendant for his exclusive use and benefit."

On these and other findings not necessary to quote, the trial court concluded that the plaintiff was entitled to recover only one-half of certain delay rentals that had been paid to the defendant, and about which there is no dispute; the court further concluded as a matter of law that there was no mutual mistake in the making of the leases and in the payment for same, and that there was no breach of defendant's warranty.

From the judgment denying plaintiff a recovery of one-half of the bonus money paid to defendant and recovered by the State against the plaintiff, it has appealed.

We have searched the record and we are unable to find where the instant case may be distinguished from Shell Petroleum Corporation v. Tippett, Tex.Civ.App., 103 S.W.2d 448, writ refused, and Stanolind Oil & Gas Co. v. Allison et al., Tex.Civ. App., 121 S.W.2d 480, affirmed by the Supreme Court in 133 Tex. 540, 129 S.W. 2d page 267, in which opinion the Supreme Court took occasion to approve the opinion in the Tippett case in its entirety.

We were of opinion that the very terms of the lease in the case of Navarro Oil Co. v. Cross, Tex.Civ.App., 150 S.W.2d 117, distinguished such case from those cited above, but the Supreme Court promptly granted a writ of error in the Cross case.

Without attempting to prolong this opinion by copying or giving the substance of the assignments of error, we shall dispose of it in the light of the leading authorities cited above.

The testimony and the evidence, even if it were properly admitted, do not sustain the allegations of the defendant or constitute a defense to the cause of action asserted by appellant on the two leases in dispute.

All cross-assignments of error presented by appellee are overruled.

On the authority of Allison et al. v. Stanolind Oil & Gas Co., 133 Tex. 540, 129 S.W.2d 267, and kindred cases, the judgment of the trial court, in so far as it denies the plaintiff a recovery of the bonus money paid by the plaintiff to the State of Texas on the two leases described in the trial court's judgment, is reversed and judgment is here rendered for appellant in the sum of $5,166.62, with six per cent interest from July 28, 1933; and in all other respects the judgment of the trial court is by us undisturbed.