In De Marais v. Stricker, 152 Or. 362, 53 P.2d 715, 718, it is said:

"While it is true that the Oregon City Funeral Home was not a licensed funeral director when plaintiff was in its employment, nevertheless plaintiff testified that he was unaware of the fact that his employers were not so licensed. Recovery from an employer may be had for services rendered in an occupation which is illegal because a license is required and none has been procured unless the employee knew that the employer had no license, for, while the employee is bound to know that to make the business legal the employer must have a license, the employee's mistake in thinking that his employer had such a license, when in fact the employer had none, is a mistake of fact and not of law. 13 C.J. subject Contracts, p. 516, § 474(2), note 65, citing Roys v. Johnson, 7 Gray, Mass., 162; Emery v. Kempton, 2 Gray, Mass., 257."

 We think the above rule is applicable in this case. Here the transaction was not necessarily an illegal one. The defendant could have had a permit to haul the gin machinery, and if he had had such a permit as plaintiff thought he had, the transaction would have been perfectly legal. The plaintiffs had no intention of violating the law. They had no knowledge of the facts which rendered the contract illegal, whereas the defendant knew full well that he would have to violate the law if he executed the contract. It would be in derogation and not in furtherance of the public policy of this State to permit the defendant to set up his own illegal conduct to defeat his obligation to plaintiffs, who were ignorant of the facts rendering the transaction illegal.

Under the circumstances the illegality of the transaction does not preclude a recovery by plaintiffs against the defendant for the damages in question. We answer the question in the negative.

CROSS v. SHELL OIL CO., Inc.
No. 14650.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 10, 1944.

Rehearing Denied Jan. 5, 1945.

Oliver W. Fannin, of Fort Worth, for appellant.

R. H. Whilden and Vernon Elledge, both of Houston, for appellee.

BROWN, Justice.

This case arises under the so-called Relinquishment Act, Vernon's Anno.Civ.Statutes, Art. 5367 et seq.

The oil and gas lease was executed by the defendant Cross and his wife to Henry Zweifel, as lessee, and Zweifel later assigned that portion of the lease which covers the lands involved in this suit to Roxana Petroleum Corporation, which named assignee through proper changes became Shell Oil Company, Inc., the plaintiff in the instant suit.

Plaintiff sued defendant for the sum of $400, same being equivalent to one-half of the delay rentals the plaintiff paid to Cross and the State over a period of years beginning with 1927 and ending with 1935.

Plaintiff pleaded mutual mistake in making such payments, also pleaded a breach of warranty on the part of Cross, and relied upon the right of subrogation because of its payment to the State of the sums demanded of it as the State's portion of the delay rentals.

Cross pleaded that he had an understanding with the original lessee that all delay rentals provided for in the contract should belong to him and that the lease (which is identical in its terms with the lease under consideration in Navarro Oil Co. v. Cross, Tex.Civ.App., 150 S.W.2d 117; reversed by the Supreme Court in 139 Tex. 272, 162 S.W.2d 677) so provides and shows upon its face; and that such instrument is plain and unambiguous; and in the alternative, that if it is not plain and unambiguous, it is on its face ambiguous, and that the intent and purpose of the parties was that Cross should have and be entitled to all of the delay rentals provided for in the lease and if any other rentals or sums should prove to be due the State, the lessee or his assigns would pay all such sums. He also pleaded limitations as to certain items.

The cause was tried to the court and an item of $16 was held to be barred by limitations, and the trial court rendered judgment against Cross for $384 and interest.

The findings of fact and conclusions of law support the judgment.

Cross appeals and presents seven (7) points: (1) The finding of the trial court that parol evidence was not admissible to ascertain the intention of the parties to the lease is erroneous; (2) the finding that the provisions of the lease relative to the payment of annual delay rentals are not fairly susceptible of two interpretations is erroneous; (3) the finding that the last mentioned provisions in the lease are unambiguous is erroneous; (4) the finding that the parol evidence offered by Cross and accepting same as being true and admissible was not sufficient to constitute a defense is erroneous; (5) the finding that the payments of the annual delay rentals to Cross were made under a mutual mistake of the parties is erroneous; (6) appellee having contended in the trial court that Cross accepted the annual payments as agent of the State and that Cross had authority to do so, the court erred in rendering judgment against Cross; and (7) the court erred in rendering judgment for appellee in an amount greater than $80, with interest.

The first three points will be considered together. The Supreme Court having discussed thoroughly a similar con-

tract in Navarro Oil Co. v. Cross, 139 Tex. 272, 162 S.W.2d 677, it follows that the trial court's findings that Cross' parol evidence was not admissible to show the actual intention of the parties, that the language of the contract is unambiguous, and that such language is not fairly susceptible of two interpretations, are supported by the opinion of the Supreme Court.

But we believe there is an additional sound reason that supports the holdings of the trial court. The lease under discussion was executed and delivered to Henry Zweifel as lessee and appellee is Zweifel's assignee; the Supreme Court has held that there is nothing in the language of the lease that is susceptible of any construction other than that it purports to follow and comply with the provisions of The Relinquishment Act, it must follow that any parol contract had by and between the lessor and original lessee that is not disclosed by the language of the contract is not admissible as against the assignee of the lease unless actual notice of the oral contract be brought to the assignee before the assignment is made.

It follows that there is no merit in point four. The evidence supports the finding that the annual payments were made to appellant through a mutual mistake, and there is no merit in point five.

We see no merit in the contention that appellee having urged that appellant accepted the annual payment as agent of the State, with authority to collect same, it was error to render any judgment against appellant.

There is no merit in this contention and the question appears to be foreclosed in the decisions. Shell Petroleum Corporation v. Tippett, Tex.Civ.App., 103 S.W.2d 448 (writ refused).

Point seven contends that the trial court erred in rendering judgment for appellee in an amount greater than $80.00, with interest. This point seems to be bottomed on the theory that after the lease was executed by Cross, as the agent of the State, the lease was the property of the State of Texas and Cross was without authority to amend or alter same so as to provide for an annual delay rental of $40 instead of $160; that the owner of the lease was obligated to pay the full sum of $160 per year rather than $40 per year, and that it has actually paid only $96 more than it was obligated to pay ($16 of which was barred by

limitations) and that no judgment for more than $80 against Cross is justified.

We see no error presented. If Cross was authorized to make the original lease, he could make a subsequent lease, and we see no reason why he could not make a subsequent agreement changing the amount of the annual rentals.

Finding no error, the judgment is affirmed.